1  Eugene J. Egan (State Bar No. 130108)
       *eje@manningllp.com*
2  James A. Harris (State Bar No. 312309)
       *jah@manningllp.com*
3  **MANNING & KASS**
   **ELLROD, RAMIREZ, TRESTER LLP**
4  801 S. Figueroa St, 15th Floor
   Los Angeles, California 90017-3012
5  Telephone: (213) 624-6900
   Facsimile: (213) 624-6999
6
   Attorneys for COSTCO WHOLESALE
7  CORPORATION

8              **UNITED STATES DISTRICT COURT**

9      **CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**

10

11  ANA CAMPOS,                              Case No.

12              Plaintiff,                   (State Case No. 20STCV15284)

13       v.

14  COSCO WHOLESALE                          **NOTICE OF REMOVAL OF**
    CORPORATION, dba COSCO. a                **ACTION UNDER 29 U.S.C.**
15  California Business Entity, and DOES 1    **§1441(b)(1) (DIVERSITY);**
    Through 100, Inclusive,                  **DECLARATION OF JAMES A.**
16                                           **HARRIS**
                Defendant.
17

18

19        **TO THE CLERK OF THE ABOVE ENTITLED COURT:**

20        PLEASE TAKE NOTICE THAT defendant COSTCO WHOLESALE

21  CORPORATION (hereinafter, "Costco" or "Defendant") (erroneously sued as

22  COSCO WHOLESALE CORPORATION, dba COSCO. a California Business

23  Entity) hereby removes to this Court the state court action described below.

24        1.    On April 21, 2020, an action was commenced in the Superior Court of

25  the State of California in an for the County of Los Angeles, entitled ANA CAMPOS

26  , Plaintiff vs. COSCO WHOLESALE CORPORATION, dba COSCO. a California

27  Business Entity, and DOES 1 Through 100, Inclusive, Defendants, as Case Number

28  20STCV15284  (the "Action). A true and correct copy of Plaintiff's Complaint and

(left margin, rotated) MANNING & KASS
ELLROD, RAMIREZ, TRESTER LLP
Attorneys at Law

1    all other documents associated with the Action are attached hereto as **Exhibit "A."**

2        2.      Costco was first served a copy of the Complaint on June 28, 2021,

3    when counsel for Plaintiff caused to be served, by a process server, a copy of the

4    Complaint and summons on Costco's Registered Agent, CT Corporation in

5    California. A true and correct copy of the transmittal of summons and service of

6    process transmittal is attached hereto as **Exhibit "B."**

7        3.      Plaintiff was, at the time she filed the Action and still is, a citizen of the

8    State of California.

9        4.      On August 12, 2021, Costco filed and served its Answer to Complaint,

10   Demand for Jury Trial with the California Superior Court. A true and correct copy

11   of Costco's Answer to Complaint, Demand for Jury Trial is attached hereto as

12   **Exhibit "C."**

13       5.       Aggregating all of the damages that Plaintiff seeks, the amount in

14   controversy exceeds $75,000.00. Plaintiff's January 24, 2022 demand list medical

15   damages of $26,150.00. Plaintiff alleges ongoing medical specials and seeks

16   $285,000.00.  A true and correct copy of Plaintiff's January 24, 2022 demand letter

17   is attached hereto as **Exhibit "D."**

18       6.      This removal is timely and was filed within thirty (30) days of service

19   of Plaintiff's demand.

20       7.      This action is a civil action of which this Court has original jurisdiction

21   under 28 U.S.C. §1332, and is one which may be removed to this Court by

22   defendant pursuant to the provisions of 28 U.S.C. §1441(a) in that it is a civil action

23   between citizens of different states and the matter in controversy exceeds the sum of

24   $75,000, exclusive of interest and costs.

25       8.      Costco is the only named defendant; the other defendants in this action

26   are fictitiously named, designated as DOES 1 to 20, and their citizenship shall not be

27   considered in determining diversity jurisdiction. 28 U.S.C. §1446(b).

28       9.      COSTCO WHOLESALE CORPORATION was, at the time of the

4892-1918-6443.1

2

MANNING&KASS
ELLROD, RAMIREZ, TRESTER LLP
Attorneys at Law

filing of this action, and still is, a citizen of the State of Washington, incorporated under the laws of the State of Washington, with its principal place of business in the State of Washington. Both the California Secretary of State and Washington Secretary of State identify COSTCO WHOLESALE CORPORATION as a Washington Corporation. COSTCO WHOLESALE CORPORATION's principle address is 999 Lake Drive, Issaquah, Washington 98027. True and correct copies of search results for COSTCO WHOLESALE CORPORATION on those websites are attached hereto as **Exhibit "E."**

10.    Pursuant to 28 U.S.C. §1446(a), true and correct copies of all process, pleadings, and orders sent to and received by Costco in the State Court action are attached hereto.

DATED:  January 25, 2022          **MANNING & KASS**
**ELLROD, RAMIREZ, TRESTER LLP**


By:    /s/ James A. Harris
Eugene J. Egan
James A. Harris
Attorneys for Defendant COSTCO
WHOLESALE CORPORATION

NOTICE OF REMOVAL OF ACTION UNDER 29 U.S.C. §1441(b)(1) (DIVERSITY); DECLARATION OF
JAMES A. HARRIS

## DECLARATION OF JAMES A. HARRIS

I, James A. Harris, declare as follows:

1.     I am an attorney duly admitted to practice in the courts of the State of California and am an attorney with Manning & Kass, Ellrod, Ramirez, Trester LLP, attorneys of record for Defendant COSTCO WHOLESALE CORPORATION.  I have personal knowledge of the facts set forth herein, and if called as a witness, I could and would competently testify thereto.  I make this declaration in support of Defendant's Notice of Removal of Action Under 28 U.S.C. §1441(b)1 (diversity).

2.     On April 21, 2020, an action was commenced in the Superior Court of the State of California in an for the County of Los Angeles, entitled ANA CAMPOS , Plaintiff vs. COSCO WHOLESALE CORPORATION, dba COSCO. a California Business Entity, and DOES 1 Through 100, Inclusive, Defendants, as Case Number 20STCV15284 (the "Action). A true and correct copy of Plaintiff's Complaint and all other documents associated with the Action are attached hereto as **Exhibit "A."**

3.     Costco was first served a copy of the Complaint on June 28, 2021, when counsel for Plaintiff caused to be served, by a process server, a copy of the Complaint and summons on Costco's Registered Agent, CT Corporation in California. A true and correct copy of the transmittal of summons and service of process transmittal is attached hereto as **Exhibit "B."**

4.     Plaintiff was, at the time she filed the Action and still is, a citizen of the State of California.

5.     On August 12, 2021, Costco filed and served its Answer to Complaint, Demand for Jury Trial with the California Superior Court. A true and correct copy of Costco's Answer to Complaint, Demand for Jury Trial is attached hereto as **Exhibit "C."**

6.      Aggregating all of the damages that Plaintiff seeks, the amount in controversy exceeds $75,000.00. Plaintiff's January 24, 2022 demand list medical damages of $26,150.00. Plaintiff alleges ongoing medical specials and seeks

MANNING & KASS
ELLROD, RAMIREZ, TRESTER LLP
Attorneys at Law

1  $285,000.00.  A true and correct copy of Plaintiff's January 24, 2022 demand letter

2  is attached hereto as **Exhibit "D."**

3      7.      This removal is timely and was filed within thirty (30) days of service

4  of Plaintiff's responses to written discovery.

5      8.      This action is a civil action of which this Court has original jurisdiction

6  under 28 U.S.C. §1332, and is one which may be removed to this Court by

7  defendant pursuant to the provisions of 28 U.S.C. §1441(a) in that it is a civil action

8  between citizens of different states and the matter in controversy exceeds the sum of

9  $75,000, exclusive of interest and costs.

10     9.      Costco is the only named defendant; the other defendants in this action

11 are fictitiously named, designated as DOES 1 to 20, and their citizenship shall not be

12 considered in determining diversity jurisdiction. 28 U.S.C. §1446(b).

13     10.     COSTCO WHOLESALE CORPORATION was, at the time of the

14 filing of this action, and still is, a citizen of the State of Washington, incorporated

15 under the laws of the State of Washington, with its principal place of business in the

16 State of Washington. Both the California Secretary of State and Washington

17 Secretary of State identify COSTCO WHOLESALE CORPORATION as a

18 Washington Corporation. COSTCO WHOLESALE CORPORATION's principle

19 address is 999 Lake Drive, Issaquah, Washington 98027. True and correct copies of

20 search results for COSTCO WHOLESALE CORPORATION on those websites are

21 attached hereto as **Exhibit "E."**

22     11.     Pursuant to 28 U.S.C. §1446(a), true and correct copies of all process,

23 pleadings, and orders sent to and received by Costco in the State Court action are

24 attached hereto.

25     / / /

26     / / /

27     / / /

28     / / /

NOTICE OF REMOVAL OF ACTION UNDER 29 U.S.C. §1441(b)(1) (DIVERSITY); DECLARATION OF
JAMES A. HARRIS

MANNING&KASS
ELLROD, RAMIREZ, TRESTER LLP
Attorneys at Law

1         I declare under penalty of perjury under the laws of the United States of

2   America that the foregoing is true and correct.

3         Executed on this 25th day of January, 2022, at Murrieta, California.

4

5                               /s/ James A. Harris
                                  James A. Harris

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**NOTICE OF REMOVAL OF ACTION UNDER 29 U.S.C. §1441(b)(1) (DIVERSITY); DECLARATION OF JAMES A. HARRIS**

# Exhibit A

Electronically FILED by Superior Court of California, County of Los Angeles on 04/21/2020 03:44 PM Sherri R. Carter, Executive Officer/Clerk of Court, by C. Monroe, Deputy Clerk

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

20STCV15284

**FOR COURT USE ONLY**
*(SOLO PARA USO DE LA CORTE)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
COSCO WHOLESALE CORPORATION, dba COSCO,
a California Business Entity, and DOES 1 Through
100, Inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
ANA CAMPOS

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

**CASE NUMBER:** *(Número del Caso):*
20STCV15284

The name and address of the court is:
*(El nombre y dirección de la corte es):*
LOS ANGELES SUPERIOR COURT-CENTRAL DISTRICT
111 N. HILL STREET
LOS ANGELES, CA 90012

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
ROBERT WEINSTEIN, ESQ.          (310)277-7762
12401 Wilshire Blvd., Ste. 200
LLOS ANGELES, CA 90025

Sherri R. Carter Executive Officer / Clerk of Court

DATE: April 20, 2020          Clerk, by          C. Monroe          , Deputy
*(Fecha)*   04/21/2020          *(Secretario)*          *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. [ ] as an individual defendant.
2. [ ] as the person sued under the fictitious name of *(specify):*

3. [ ] on behalf of *(specify):*
   under: [ ] CCP 416.10 (corporation)          [ ] CCP 416.60 (minor)
          [ ] CCP 416.20 (defunct corporation)   [ ] CCP 416.70 (conservatee)
          [ ] CCP 416.40 (association or partnership)  [ ] CCP 416.90 (authorized person)
          [ ] other *(specify):*
4. [ ] by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

Martin Dean's
ESSENTIAL FORMS™

Electronically FILED by Superior Court of California, County of Los Angeles on 04/21/2020 04:05 PM Sherri R. Carter, Executive Officer/Clerk of Court, by D. Morris, Deputy Clerk
20STCV15284

Assigned for all purposes to: Spring Street Courthouse, Judicial Officer: Laura Seigle

1  ROBERT S. WEINSTEIN, ESQ. (140412)
   ROBERT S. WEINSTEIN & ASSOC.
2  12401 Wilshire Blvd., Ste. 200
   Los Angeles, CA  90025
3  (310)277-7762

4
   Attorney for Plaintiff,
5  ANA CAMPOS

6

7              SUPERIOR COURT OF THE STATE OF CALIFORNIA

8                   FOR THE COUNTY OF LOS ANGELES

9

10

11  ANA CAMPOS,                    )    CASE NO.:
                                   )
12                 Plaintiff,      )      20STCV15284
                                   )
13  v.                             )    COMPLAINT FOR
                                   )    DAMAGES:
14  COSCO WHOLESALE CORPORATION,   )
    dba COSCO, a California Business)    NEGLIGENCE
15  Entity, and DOES 1 Through 100, )
    Inclusive,                     )
16                                 )
                   Defendants.     )
17  _____)

18

19  COMES NOW PLAINTIFF, and complains and alleges as follows:

20              NEGLIGENCE AGAINST ALL DEFENDANTS

21      1.   Plaintiff, ANA CAMPOS is, and at all times herein

    mentioned was, a resident of the County of Los Angeles, State of
22
    California.
23
        2.   The true names and capacities of Defendants, DOES 1
24
    through 100, Inclusive, are currently unknown to Plaintiff who,
25
    therefore sues said Defendants by fictitious names.  Plaintiff will
26
    seek leave of Court to amend this Complaint to set forth the true
27

28  COMPLAINT

1    names and capacities of said Defendants when ascertained.
2    Plaintiff is informed and believes and thereon alleges that each
3    of the fictitiously named Defendants is responsible in some manner
4    for the occurrence herein alleged.

5        3. Plaintiff is informed and believes and thereon alleges that
6    each of the Defendants is, and at all times herein mentioned was,
7    the agent, employee, servant, and partner or joint venturer of each
8    of the remaining Defendants, and at all times herein mentioned was
9    acting within the course and scope of such agency, employment or
10   partnership.

11       4. Defendants, and each of them, own, occupy, maintain,
12   manage, control and are otherwise legally responsible for the
13   the premises located at or near Defendant, COSCO WHOLESALE
14   CORPORATION, (hereinafter referred to as "Cosco"), doing business
15   and known as "Cosco" located at 2901 Los Feliz Blvd., Los Angeles,
16   California 90039.

17       5. On May 4, 2018,  while Plaintiff, was lawfully on the
18   above-referenced premises, Plaintiff was struck by a car battery
19   which fell off a shelf, causing severe and permanent injuries and
20   damages as herein alleged.

21       6. Each of the Defendants, including the Defendants designated
22   herein fictitiously, negligently owned, occupied, maintained,
23   managed, and controlled said premises or otherwise negligently
24   conducted themselves, thereby proximately causing Plaintiff to
25   to be struck as alleged.

26       7. As a proximate result of the conduct of the Defendants, and
27   each of them, Plaintiff sustained severe and permanent personal
28   injuries, which have caused Plaintiff great pain and suffering, to

Plaintiff's general damages, as will be established at the time of trial.

8. As a proximate result of the conduct of Defendants, and each of them, Plaintiff has incurred and will continue to incur in the future, expenses and obligations resulting from the treatment of the personal injuries Plaintiff sustained, to Plaintiff's damages, as will be established at the time of trial.

9. As a proximate result of the conduct of Defendants, and each of them, Plaintiff has been unable, and will continue in the future to be unable, to attend to her normal occupation, resulting in a loss of earnings, to Plaintiff's damages, as will be established at the time of trial.

WHEREFORE, PLAINTIFF PRAYS JUDGEMENT AGAINST DEFENDANTS, AND EACH OF THEM, AS FOLLOWS:

1. For general damages;

2. For medical and related expenses according to proof;

3. For loss of earnings, and earning capacities, according to proof;

4. For cost of suit incurred herein;

5. For such other and further relief as the court may deem just and proper.

DATED: April 21, 2020          LAW OFFICES OF ROBERT S. WEINSTEIN

BY: _____
    ROBERT S. WEINSTEIN
    Attorney for Plaintiff,
    ANA CAMPOS

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Spring Street Courthouse<br>312 North Spring Street, Los Angeles, CA 90012 | **FILED**<br>Superior Court of California<br>County of Los Angeles<br>**04/21/2020**<br>Sherri R. Carter, Executive Officer / Clerk of Court<br>By: _____ C. Monroe _____ Deputy |
| NOTICE OF CASE ASSIGNMENT<br><br>UNLIMITED CIVIL CASE | |
| **Your case is assigned for all purposes to the judicial officer indicated below.** | CASE NUMBER:<br>20STCV15284 |

### THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT

| | ASSIGNED JUDGE | DEPT | ROOM | | | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|---|---|---|
| ✔ | Laura A. Seigle | 27 | | | | | | |

Given to the Plaintiff/Cross-Complainant/Attorney of Record     Sherri R. Carter, Executive Officer / Clerk of Court

on 04/22/2020                                                By C. Monroe                                    , Deputy Clerk
   (Date)

LACIV 190 (Rev 6/18)              **NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**
LASC Approved 05/06

## INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the California Rules of Court, Title 3, Division 7, as applicable in the Superior Court, are summarized for your assistance.

### APPLICATION
The Division 7 Rules were effective January 1, 2007. They apply to all general civil cases.

### PRIORITY OVER OTHER RULES
The Division 7 Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

### CHALLENGE TO ASSIGNED JUDGE
A challenge under Code of Civil Procedure Section 170.6 must be made within 15 days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

### TIME STANDARDS
Cases assigned to the Independent Calendaring Courts will be subject to processing under the following time standards:

### COMPLAINTS
All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days.

### CROSS-COMPLAINTS
Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed. Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

### STATUS CONFERENCE
A status conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint. Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

### FINAL STATUS CONFERENCE
The Court will require the parties to attend a final status conference not more than 10 days before the scheduled trial date. All parties shall have motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested form jury instructions, special jury instructions, and special jury verdicts timely filed and served prior to the conference. These matters may be heard and resolved at this conference. At least five days before this conference, counsel must also have exchanged lists of exhibits and witnesses, and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Three of the Los Angeles Superior Court Rules.

### SANCTIONS
The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules. Such sanctions may be on a party, or if appropriate, on counsel for a party.

**This is not a complete delineation of the Division 7 or Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction. Careful reading and compliance with the actual Chapter Rules is imperative.**

### Class Actions
Pursuant to Local Rule 2.3, all class actions shall be filed at the Stanley Mosk Courthouse and are randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be a class action it will be returned to an Independent Calendar Courtroom for all purposes.

### *Provisionally Complex Cases
Cases filed as provisionally complex are initially assigned to the Supervising Judge of complex litigation for determination of complex status. If the case is deemed to be complex within the meaning of California Rules of Court 3.400 et seq., it will be randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be complex, it will be returned to an Independent Calendar Courtroom for all purposes.

**NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**

Electronically FILED by Superior Court of California, County of Los Angeles on 04/21/2020 04:14 PM Sherri R. Carter, Executive Officer/Clerk of Court, by G Marroquin, Deputy Clerk

Filed 03/25/22   Page 14 of 85   Page

**CM-010**

| | |
|---|---|
| **ATTORNEY OR PARTY WITHOUT ATTORNEY** *(Name, State Bar number, and address):* | **FOR COURT USE ONLY** |

ROBERT WEINSTEIN, ESQ. (140412)
ROBERT WEINSTEIN & ASSOC.
12401 Wilshire Blvd., Ste. 200
Los Angeles, CA 90025
TELEPHONE NO.: (310)277-7762   FAX NO.: (310)785-3922
ATTORNEY FOR *(Name):* PLAINTIFF, ANA CAMPOS

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
STREET ADDRESS: 111 N. HILL ST.
MAILING ADDRESS: 111 N. HILL ST.
CITY AND ZIP CODE: LOS ANGELES 90012
BRANCH NAME:

CASE NAME: CAMPOS V. COSCO

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| ☒ Unlimited (Amount demanded exceeds $25,000) ☐ Limited (Amount demanded is $25,000 or less) | ☐ Counter ☐ Joinder  Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | 20STCV15284  JUDGE:  DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)

**Employment**
☐ Wrongful termination (36)
☐ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)

**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)

**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)

**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition *(not specified above)* (43)

2. This case ☐ is ☒ is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☐ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. ☒ monetary b. ☐ nonmonetary; declaratory or injunctive relief c. ☐ punitive
4. Number of causes of action *(specify):* ONE
5. This case ☐ is ☒ is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: April 20, 2020

ROBERT WEINSTEIN, ESQ.
_____(TYPE OR PRINT NAME)_____   ►_____(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)_____

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on **all** other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| | | | |
|---|---|---|---|
| Form Adopted for Mandatory Use Judicial Council of California CM-010 [Rev. July 1, 2007] | Martin Dean's ESSENTIAL FORMS ™ | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740; Cal. Standards of Judicial Administration, std. 3.10 www.courtinfo.ca.gov |

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)-Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
    Medical Malpractice-Physicians & Surgeons
    Other Professional Health Care Malpractice
Other PI/PD/WD (23)
    Premises Liability (e.g., slip and fall)
    Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
    Intentional Infliction of Emotional Distress
    Negligent Infliction of Emotional Distress
    Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
    Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
    Contract/Warranty Breach-Seller Plaintiff *(not fraud or negligence)*
    Negligent Breach of Contract/Warranty
    Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
    Collection Case-Seller Plaintiff
    Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
    Auto Subrogation
    Other Coverage
Other Contract (37)
    Contractual Fraud
    Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
    Writ-Administrative Mandamus
    Writ-Mandamus on Limited Court Case Matter
    Writ-Other Limited Court Case Review
Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal-Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400-3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
    Abstract of Judgment (Out of County)
    Confession of Judgment *(non-domestic relations)*
    Sister State Judgment
    Administrative Agency Award *(not unpaid taxes)*
    Petition/Certification of Entry of Judgment on Unpaid Taxes
    Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
    Declaratory Relief Only
    Injunctive Relief Only *(non-harassment)*
    Mechanics Lien
    Other Commercial Complaint Case *(non-tort/non-complex)*
    Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief from Late Claim
    Other Civil Petition

CM-010 [Rev. July 1, 2007]
**CIVIL CASE COVER SHEET**
Page 2 of 2

| SHORT TITLE: CAMPOS V. COSCO | CASE NUMBER |
|---|---|

## CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION
### (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

| This form is required pursuant to Local Rule 2.3 in all new civil case filings in the Los Angeles Superior Court. |
|---|

**Step 1:** After completing the Civil Case Cover Sheet (Judicial Council form CM-010), find the exact case type in Column A that corresponds to the case type indicated in the Civil Case Cover Sheet.

**Step 2:** In Column B, check the box for the type of action that best describes the nature of the case.

**Step 3:** In Column C, circle the number which explains the reason for the court filing location you have chosen.

| Applicable Reasons for Choosing Court Filing Location (Column C) |
|---|

1. Class actions must be filed in the Stanley Mosk Courthouse, Central District.
2. Permissive filing in central district.
3. Location where cause of action arose.
4. Mandatory personal injury filing in North District.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.

7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office.
11. Mandatory filing location (Hub Cases – unlawful detainer, limited non-collection, limited collection, or personal injury).

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Auto Tort** | Auto (22) | ☐ A7100  Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |
| | Uninsured Motorist (46) | ☐ A7110  Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1, 4, 11 |
| **Other Personal Injury/ Property Damage/ Wrongful Death Tort** | Asbestos (04) | ☐ A6070  Asbestos Property Damage<br>☐ A7221  Asbestos - Personal Injury/Wrongful Death | 1, 11<br>1, 11 |
| | Product Liability (24) | ☐ A7260  Product Liability (not asbestos or toxic/environmental) | 1, 4, 11 |
| | Medical Malpractice (45) | ☐ A7210  Medical Malpractice - Physicians & Surgeons<br>☐ A7240  Other Professional Health Care Malpractice | 1, 4, 11<br>1, 4, 11 |
| | Other Personal Injury Property Damage Wrongful Death (23) | ☑ A7250  Premises Liability (e.g., slip and fall)<br>☐ A7230  Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.)<br>☐ A7270  Intentional Infliction of Emotional Distress<br>☑ A7220  Other Personal Injury/Property Damage/Wrongful Death | 1, 4, 11<br>1, 4, 11<br>1, 4, 11<br>1, 4, 11 |

LASC CIV 109 Rev. 12/18
For Mandatory Use

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.3
Page 1 of 4

| SHORT TITLE: CAMPOS V. COSCO | CASE NUMBER |
|---|---|

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C Applicable<br>Reasons - See Step 3<br>Above |
|---|---|---|---|
| **Non-Personal Injury/ Property Damage/ Wrongful Death Tort** | Business Tort (07) | ☐ A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1, 2, 3 |
| | Civil Rights (08) | ☐ A6005  Civil Rights/Discrimination | 1, 2, 3 |
| | Defamation (13) | ☐ A6010  Defamation (slander/libel) | 1, 2, 3 |
| | Fraud (16) | ☐ A6013  Fraud (no contract) | 1, 2, 3 |
| | Professional Negligence (25) | ☐ A6017  Legal Malpractice | 1, 2, 3 |
| | | ☐ A6050  Other Professional Malpractice (not medical or legal) | 1, 2, 3 |
| | Other (35) | ☐ A6025  Other Non-Personal Injury/Property Damage tort | 1, 2, 3 |
| **Employment** | Wrongful Termination (36) | ☐ A6037  Wrongful Termination | 1, 2, 3 |
| | Other Employment (15) | ☐ A6024  Other Employment Complaint Case | 1, 2, 3 |
| | | ☐ A6109  Labor Commissioner Appeals | 10 |
| **Contract** | Breach of Contract/ Warranty (06)<br>(not insurance) | ☐ A6004  Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2, 5 |
| | | ☐ A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2, 5 |
| | | ☐ A6019  Negligent Breach of Contract/Warranty (no fraud) | 1, 2, 5 |
| | | ☐ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 1, 2, 5 |
| | Collections (09) | ☐ A6002  Collections Case-Seller Plaintiff | 5, 6, 11 |
| | | ☐ A6012  Other Promissory Note/Collections Case | 5, 11 |
| | | ☐ A6034  Collections Case-Purchased Debt (Charged Off Consumer Debt Purchased on or after January 1, 2014) | 5, 6, 11 |
| | Insurance Coverage (18) | ☐ A6015  Insurance Coverage (not complex) | 1, 2, 5, 8 |
| | Other Contract (37) | ☐ A6009  Contractual Fraud | 1, 2, 3, 5 |
| | | ☐ A6031  Tortious Interference | 1, 2, 3, 5 |
| | | ☐ A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1, 2, 3, 8, 9 |
| **Real Property** | Eminent Domain/Inverse Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation          Number of parcels_____ | 2, 6 |
| | Wrongful Eviction (33) | ☐ A6023  Wrongful Eviction Case | 2, 6 |
| | Other Real Property (26) | ☐ A6018  Mortgage Foreclosure | 2, 6 |
| | | ☐ A6032  Quiet Title | 2, 6 |
| | | ☐ A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2, 6 |
| **Unlawful Detainer** | Unlawful Detainer-Commercial (31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Residential (32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2, 6, 11 |
| | Unlawful Detainer-Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2, 6, 11 |

LASC CIV 109 Rev. 12/18

For Mandatory Use

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.3

Page 2 of 4

| SHORT TITLE: CAMPOS V. COSCO | CASE NUMBER |
|---|---|

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C Applicable<br>Reasons - See Step 3<br>Above |
|---|---|---|---|
| **Judicial Review** | Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2, 3, 6 |
| | Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2, 5 |
| | Writ of Mandate (02) | ☐ A6151  Writ - Administrative Mandamus | 2, 8 |
| | | ☐ A6152  Writ - Mandamus on Limited Court Case Matter | 2 |
| | | ☐ A6153  Writ - Other Limited Court Case Review | 2 |
| | Other Judicial Review (39) | ☐ A6150  Other Writ /Judicial Review | 2, 8 |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1, 2, 8 |
| | Construction Defect (10) | ☐ A6007  Construction Defect | 1, 2, 3 |
| | Claims Involving Mass Tort (40) | ☐ A6006  Claims Involving Mass Tort | 1, 2, 8 |
| | Securities Litigation (28) | ☐ A6035  Securities Litigation Case | 1, 2, 8 |
| | Toxic Tort<br>Environmental (30) | ☐ A6036  Toxic Tort/Environmental | 1, 2, 3, 8 |
| | Insurance Coverage Claims<br>from Complex Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1, 2, 5, 8 |
| **Enforcement of Judgment** | Enforcement<br>of Judgment (20) | ☐ A6141  Sister State Judgment | 2, 5, 11 |
| | | ☐ A6160  Abstract of Judgment | 2, 6 |
| | | ☐ A6107  Confession of Judgment (non-domestic relations) | 2, 9 |
| | | ☐ A6140  Administrative Agency Award (not unpaid taxes) | 2, 8 |
| | | ☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax | 2, 8 |
| | | ☐ A6112  Other Enforcement of Judgment Case | 2, 8, 9 |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1, 2, 8 |
| | Other Complaints<br>(Not Specified Above) (42) | ☐ A6030  Declaratory Relief Only | 1, 2, 8 |
| | | ☐ A6040  Injunctive Relief Only (not domestic/harassment) | 2, 8 |
| | | ☐ A6011  Other Commercial Complaint Case (non-tort/non-complex) | 1, 2, 8 |
| | | ☐ A6000  Other Civil Complaint (non-tort/non-complex) | 1, 2, 8 |
| **Miscellaneous Civil Petitions** | Partnership Corporation<br>Governance (21) | ☐ A6113  Partnership and Corporate Governance Case | 2, 8 |
| | Other Petitions (Not<br>Specified Above) (43) | ☐ A6121  Civil Harassment With Damages | 2, 3, 9 |
| | | ☐ A6123  Workplace Harassment With Damages | 2, 3, 9 |
| | | ☐ A6124  Elder/Dependent Adult Abuse Case With Damages | 2, 3, 9 |
| | | ☐ A6190  Election Contest | 2 |
| | | ☐ A6110  Petition for Change of Name/Change of Gender | 2, 7 |
| | | ☐ A6170  Petition for Relief from Late Claim Law | 2, 3, 8 |
| | | ☐ A6100  Other Civil Petition | 2, 9 |

**CIVIL CASE COVER SHEET ADDENDUM<br>AND STATEMENT OF LOCATION**

| SHORT TITLE: CAMPOS V. COSCO | CASE NUMBER |
|---|---|

**Step 4: Statement of Reason and Address:** Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected. Enter the address which is the basis for the filing location, including zip code. (No address required for class action cases).

| REASON: | ADDRESS: |
|---|---|
| ☐ 1. ☐ 2. ☐ 3. ☐ 4. ☐ 5. ☐ 6. ☐ 7. ☐ 8. ☐ 9. ☐ 10. ☑ 11. | 2901 LOS FELIZ BOULEVARD |

| CITY: | STATE: | ZIP CODE: |
|---|---|---|
| LOS ANGELES | CA | 90039 |

**Step 5: Certification of Assignment:** I certify that this case is properly filed in the CENTRAL District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., §392 et seq., and Local Rule 2.3(a)(1)(E)].

Dated: APRIL 20, 2020

_____
(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet, Judicial Council form CM-010.

4. Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 02/16).

5. Payment in full of the filing fee, unless there is court order for waiver, partial or scheduled payments.

6. A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

LASC CIV 109 Rev. 12/18

For Mandatory Use

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.3

Page 4 of 4

2018-SJ-007-00

**FILED**
Superior Court of California
County of Los Angeles

APR 16 2018

Sherri R. Carter, Executive Officer/Clerk
By_____ Deputy
                Stephanie Chung

1

2

3

4   SUPERIOR COURT OF THE STATE OF CALIFORNIA

5   FOR THE COUNTY OF LOS ANGELES

6

7   IN RE PERSONAL INJURY               ) CASE NO.: 20STCV15284
    COURT ("PI COURT") PROCEDURES,      )
8   **CENTRAL DISTRICT**                ) STANDING ORDER RE: PERSONAL
    (EFFECTIVE APRIL 16, 2018)          ) INJURY PROCEDURES, CENTRAL
9                                       ) DISTRICT
                                        )
10  _____ )

11

12

13   | **DEPARTMENT:** | 2☐ | 3☐ | 4☐ | 5☐ | 7☐ |

14   **FINAL STATUS CONFERENCE ("FSC"):**

15   • **DATE:** _____10/05/2021_____ AT 10:00 A.M.

16

17   **TRIAL:**

18   • **DATE:** _____10/19/2021_____ AT 8:30 A.M.

19   **OSC RE DISMISSAL (CODE CIV. PROC., § 583.210):**

20   • **DATE:** _____04/18/2023_____ AT 8:30 A.M.

21

22   TO EACH PARTY AND TO THE ATTORNEY OF RECORD FOR EACH PARTY:

23   **Pursuant to the California Code of Civil Procedure ("C.C.P."), the California Rules**

24   **of Court ("C.R.C.") and the Los Angeles County Court Rules ("Local Rules"), the Los**

25   **Angeles Superior Court ("LASC" or "Court") HEREBY AMENDS AND SUPERSEDES**

26   **THE AUGUST 10, 2017 SEVENTH AMENDED GENERAL ORDER AND, GENERALLY,**

27   **ORDERS AS FOLLOWS IN THIS AND ALL OTHER GENERAL JURISDICTION**

28   **PERSONAL INJURY ACTIONS FILED IN THE CENTRAL DISTRICT.**

Standing Order Re Personal Injury Procedures, Central District

1.    To ensure proper assignment to a PI Court, Plaintiff(s) must carefully fill out the Civil Case Cover Sheet Addendum (form LACIV 109). The Court defines "personal injury" as:

> "an unlimited civil case described on the Civil Case Cover Sheet Addendum and Statement of Location (LACIV 109) as Motor Vehicle-Personal Injury/Property Damage/Wrongful Death; Personal Injury/Property Damage/Wrongful Death-Uninsured Motorist; Product Liability (other than asbestos or toxic/environmental); Medical Malpractice-Physicians & Surgeons; Other Professional Health Care Malpractice; Premises Liability; Intentional Bodily Injury/Property Damage/Wrongful Death; or Other Personal Injury/Property Damage/Wrongful Death. An action for intentional infliction of emotional distress, defamation, civil rights/discrimination, or malpractice (other than medical malpractice), is not included in this definition. An action for injury to real property is not included in this definition."   (Local Rule 2.3(a)(1)(A).)

Consistent with Local Rule 2.3(a)(1)(A), the Court will assign a case to the PI Courts if plaintiff(s) check any of the following boxes in the Civil Case Cover Sheet Addendum:

> A7100 Motor Vehicle – Personal Injury/Property Damage/Wrongful Death
>
> A7110 Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist
>
> A7260 Product Liability (not asbestos or toxic/environmental)
>
> A7210 Medical Malpractice – Physicians & Surgeons
>
> A7240 Medical Malpractice – Other Professional Health Care Malpractice
>
> A7250 Premises Liability (e.g., slip and fall)
>
> A7230 Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism etc.)
>
> A7220 Other Personal Injury/Property Damage/Wrongful Death

The Court will not assign cases to the PI Courts if plaintiff(s) check any boxes elsewhere in the Civil Case Cover Sheet Addendum (any boxes on pages two and three of that form).

///

1    The Court sets the above dates in this action in the PI Court circled above (Department
2    2, 3, 4, 5, or 7) at the Spring Street Courthouse, 312 North Spring Street, Los Angeles, CA 90012.
3    (C.R.C. Rules 3.714(b)(3), 3.729.)

4    **FILING OF DOCUMENTS**

5    2.      Parties may file documents in person at the filing window on the first floor of the Stanley
6    Mosk Courthouse (111 N. Hill Street, Los Angeles, CA 90012) or by U.S. Mail or e-Delivery,
7    which is available online at *www.lacourt.org* (link on homepage). Please note that filings are no
8    longer accepted via facsimile and must be filed either in person, via U.S. mail or via e-Delivery.
9    Claims involving an attorney-client fee dispute, documents in which the filing party is a minor,
10   legally incompetent person, or person for whom a conservator has been appointed, requests to
11   waive court fees (FW-001) and requests for accommodations by persons with disabilities (MC-
12   410), may not be filed via e-Delivery.

13   **SERVICE OF SUMMONS AND COMPLAINT**

14   3.      Plaintiff(s) shall serve the summons and complaint in this action upon defendant(s) as
15   soon as possible but no later than three years from the date when the complaint is filed.
16   (C.C.P. § 583.210, subd.(a).)   On the OSC re Dismissal date noted above, the PI Court will
17   dismiss the action and/or all unserved parties unless the plaintiff(s) show cause why the action
18   or the unserved parties should not be dismissed. (C.C.P. §§ 583.250; 581, subd. (b)(4).)

19   4.      The Court sets the above trial and FSC dates on condition that plaintiff(s) effectuate
20   service on defendant(s) of the summons and complaint within six months of filing the complaint.

21   5.      The PI Court will dismiss the case without prejudice pursuant to C.C.P. § 581 when no
22   party appears for trial.

23   **STIPULATIONS TO CONTINUE TRIAL**

24   6.      Provided that all parties agree (and there is no violation of the "five-year rule," C.C.P.
25   § 583.310), the parties may advance or continue any trial date in the PI Courts without showing
26   good cause or articulating any reason or justification for the change.   To continue or advance a
27   trial date, the parties (or their counsel of record) should jointly execute and submit (at the filing
28   window on the first floor of the Stanley Mosk Courthouse, via U.S. mail or via e-Delivery; fee

Standing Order Re Personal Injury Procedures, Central District

2018-SJ-007-00

1  required) a Stipulation to Continue Trial, FSC and Related Motion/Discovery Dates (form

2  LACIV CTRL-242, available on the court's website, Personal Injury Court link). The PI Courts

3  schedule FSCs for 10:00 a.m., eight (8) court days before the trial date. Parties seeking to

4  continue the trial and FSC dates shall file the Stipulation at least eight court days before the FSC

5  date. Parties seeking to advance the trial and FSC dates shall file the Stipulation at least eight

6  court days before the proposed advanced FSC date. (C.C.P. § 595.2; Govt. Code § 70617, subd.

7  (c)(2).) In selecting a new trial date, parties should avoid setting on any Monday, or the Tuesday

8  following a court holiday. Parties may submit a maximum of two stipulations to continue trial,

9  for a total continuance of six months. Subsequent requests to continue trial will be granted upon

10  a showing of good cause by noticed motion. This rule is retroactive so that any previously

11  granted stipulation to continue trial will count toward the maximum number of allowed

12  continuances.

13  **NO CASE MANAGEMENT CONFERENCES**

14  7.    The PI Courts do not conduct Case Management Conferences. The parties need not file

15  a Case Management Statement.

16  **LAW AND MOTION**

17  8.    Any documents with declarations and/or exhibits must be tabbed. (C.R.C. Rule

18  3.1110(f).) All depositions excerpts referenced in briefs must be marked on the transcripts

19  attached as exhibits. (C.R.C. Rule 3.1116(c).)

20  **CHAMBERS COPIES REQUIRED**

21  9.    In addition to filing original motion papers at the filing window on the first floor of the

22  Stanley Mosk Courthouse, via U.S. mail or via e-Delivery, the parties must deliver, directly to

23  the PI Court courtrooms at the Spring Street Courthouse, an extra copy (marked "Chambers

24  Copy") of reply briefs and all other motion papers filed less than seven (7) court days before a

25  hearing calendared in the PI Courts. The PI Courts also strongly encourage the parties filing and

26  opposing lengthy motions, such as motions for summary judgment/adjudication, to submit one

27  or more three-ring binders organizing the chambers copy behind tabs.

28  ///

**RESERVATION HEARING DATE**

10.     Parties are directed to reserve hearing dates for motions in the PI Courts using the Court Reservation System (CRS) available online at *www.lacourt.org* (link on homepage).   After reserving a motion hearing date, the reservation requestor must submit the papers for filing with the reservation receipt (CRS) number printed on the face page of the document under the caption and attach the reservation receipt as the last page.  Parties or counsel who are unable to utilize the online CRS may reserve a motion hearing date by calling the PI Court courtroom, Monday through Friday, between 3:00 p.m. and 4:00 p.m.

**WITHDRAWAL OF MOTIONS**

11.     California Rules of Court, Rule 3.1304(b) requires a moving party to notify the court immediately if a matter will not be heard on the scheduled date. In keeping with that rule, the PI Courts urge parties who amend pleadings in response to demurrers to file amended pleadings before the date when opposition to the demurrer is due so that the PI Courts do not needlessly prepare tentative rulings on demurrers.

**DISCOVERY MOTIONS**

12.     The purpose of an Informal Discovery Conference ("IDC") is to assist the parties to resolve and/or narrow the scope of discovery disputes.  Lead trial counsel on each side, or another attorney with full authority to make binding agreements, must attend in person.  The PI judges have found that, in nearly every case, the parties amicably resolve disputes with the assistance of the Court.

13.     Parties **must** participate in an IDC **before** a Motion to Compel Further Responses to Discovery will be heard unless the moving party submits evidence, by way of declaration, that the opposing party has failed or refused to participate in an IDC.  Scheduling or participating in an IDC does not automatically extend any deadlines imposed by the Code of Civil Procedure for noticing and filing discovery motions.  Ideally, the parties should participate in an IDC before a motion is filed because the IDC may avoid the necessity of a motion or reduce its scope.  Because of that possibility, attorneys are encouraged to stipulate to extend the 45 (or 60) day deadline for filing a motion to compel further discovery responses in order to allow time to participate in an

2018-SJ-007-0(

1   IDC.

2         If parties do not stipulate to extend the deadlines, the moving party may file the motion

3   to avoid it being deemed untimely.   However, the IDC must take place before the motion is

4   heard so it is suggested that the moving party reserve a date for the motion hearing that is at least

5   60 days after the date when the IDC reservation is made.  Motions to Compel Further Discovery

6   Responses are heard at 10:00 a.m.  If the IDC is not productive, the moving party may advance

7   the hearing on a Motion to Compel Further Discovery Responses on any available hearing date

8   that complies with the notice requirements of the Code of Civil Procedure.

9   14.   Parties are directed to reserve IDC dates in the PI Courts using CRS available online at

10   www.lacourt.org (link on homepage).  Parties are to meet and confer regarding the available

11   dates in CRS prior to accessing the system.  After reserving the IDC date, the reservation

12   requestor must file in the appropriate department and serve an Informal Discovery Conference

13   Form for Personal Injury Courts, from LACIV 239 (revised 12/14 or later), at least 15 court days

14   prior to the conference and attach the CRS reservation receipt as the last page.  The opposing

15   party may file and serve a responsive IDC form, briefly setting forth that party's response, at

16   least 10 court days prior to the IDC.

17   15.   Time permitting, the PI Hub judges may be available to participate in IDCs to try to

18   resolve other types of discovery disputes.

19   **EX PARTE APPLICATIONS**

20   16.   Under the California Rules of Court, courts may only grant *ex parte* relief upon a

21   showing, by admissible evidence, that the moving party will suffer "irreparable harm,"

22   "immediate danger," or where the moving party identifies "a statutory basis for granting relief

23   ex parte." (C.R.C. Rule 3.1202(c).) The PI Courts have no capacity to hear multiple *ex parte*

24   applications or to shorten time to add hearings to their fully booked motion calendars.  The PI

25   Courts do not regard the Court's unavailability for timely motion hearings as an "immediate

26   danger" or threat of "irreparable harm" justifying *ex parte* relief.  Instead of seeking *ex parte*

27   relief, the moving party should reserve the earliest available motion hearing date (even if it is

28   after the scheduled trial date) and should file a motion to continue trial.  Parties should also check

Standing Order Re Personal Injury Procedures, Central District

2018-SJ-007-00

1  the Court Reservation System from time to time because earlier hearing dates may become
2  available as cases settle or hearings are taken off calendar.

3  **REQUEST FOR TRANSFER TO INDEPENDENT CALENDAR DEPARTMENT**

4  17.      Parties seeking to transfer a case from a PI Court to an Independent Calendar ("I/C")
5  Court shall file (at the filing window on the first floor of the Stanley Mosk Courthouse, via U.S.
6  mail or via e-Delivery) and serve the Court's "Motion to Transfer Complicated Personal Injury
7  Case to Independent Calendar Court" (form LACIV 238, available on the Court's website under
8  the PI Courts link).    The PI Courts will transfer a matter to an I/C Court if the case is not a
9  "Personal Injury" case as defined in this Order, or if it is "complicated."  In determining whether
10  a personal injury case is "complicated" the PI Courts will consider, among other things, the
11  number of pretrial hearings or the complexity of issues presented.

12  18.      Parties opposing a motion to transfer have five court days to file (at the filing window
13  on the first floor of the Stanley Mosk Courthouse, via U.S. mail or via e-Delivery) an Opposition
14  (using the same LACIV 238 Motion to Transfer form).

15  19.      The PI Courts will not conduct a hearing on any Motion to Transfer to I/C Court.
16  Although the parties may stipulate to transfer a case to an Independent Calendar Department, the
17  PI Courts will make an independent determination whether to transfer the case or not.

18  **FINAL STATUS CONFERENCE**

19  20.      Parties shall comply with the requirements of the PI Courts' "First Amended Standing
20  Order Re Final Status Conference," which shall be served with the summons and complaint.

21  **JURY FEES**

22  21.      Parties must pay jury fees no later than 365 calendar days after the filing of the initial
23  complaint. (C. C. P. § 631, subds. (b) and (c).)

24  **JURY TRIALS**

25  22.      The PI Courts do not conduct jury trials.  On the trial date, a PI Court will contact the
26  Master Calendar Court, Department One, in the Stanley Mosk Courthouse.  Department One
27  will assign cases out for trial to dedicated Civil Trial Courtrooms and designated Criminal
28  Courtrooms.

Standing Order Re Personal Injury Procedures, Central District

**SANCTIONS**

23.     The Court has discretion to impose sanctions for any violation of this general order. (C.C.P. §§ 128.7, 187 and Gov. Code, § 68608, subd. (b).)

Dated: *April 16, 2018*

Debre K. Weintraub
Supervising Judge of Civil Courts
Los Angeles Superior Court

# SUPERIOR COURT OF CALIFORNIA
# COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:
Spring Street Courthouse
312 North Spring Street, Los Angeles, CA 90012

PLAINTIFF/PETITIONER:
Ana Campos

DEFENDANT/RESPONDENT:
Cosco Wholesale Corporation,

**CERTIFICATE OF MAILING**

Reserved for Clerk's File Stamp

**FILED**
Superior Court of California
County of Los Angeles

05/11/2020

Sherri R. Carter, Executive Officer / Clerk of Court

By: _____ A. Munoz _____ Deputy

CASE NUMBER:
20STCV15284

I, the below-named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the PI General Order, Standing Order re PI Procedures and Hearing Dates  upon each party or counsel named below by placing the document for collection and mailing so as to cause it to be deposited in the United States mail at the courthouse in Los Angeles, California, one copy of the original filed/entered herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid, in accordance with standard court practices.

ROBERT S. WEINSTEIN
ROBERT WEINSTEIN & ASSOC.
12401 WILSHIRE BLVD., STE. 200
LOS ANGELES, CA  90025

Sherri R. Carter, Executive Officer / Clerk of Court

Dated: 05/11/2020

By: _A. Munoz_____
Deputy Clerk

**CERTIFICATE OF MAILING**

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
**Civil Division**
Central District, Spring Street Courthouse, Department 27

**20STCV15284**                                                                October 5, 2021
**ANA CAMPOS vs COSCO WHOLESALE CORPORATION,**                   10:00 AM

Judge: Honorable Michael E. Whitaker          CSR: None
Judicial Assistant: A. Robledo                ERM: None
Courtroom Assistant: None                     Deputy Sheriff: None

APPEARANCES:

For Plaintiff(s): No Appearances

For Defendant(s):  No Appearances


**NATURE OF PROCEEDINGS:** Final Status Conference

The matter is not called for hearing.

There being no appearances by or for either side, nor communication with the Court as to why there are no appearances by Counsel or Parties this date, the Court orders:

On the Court's own motion, the above Final Status Conference is taken off calendar/vacated.

The Trial date of 10/19/2021 at 8:30 a.m. in Department 27 of the Spring Street Courthouse remains on calendar as currently set.

No further notice is required, counsel/parties were given notice of the trial date and Final Status Conference date at the time of the filing of the complaint, or at the time of either the filing of a stipulation and order to continue, or a motion ruling by the court.

If there is no appearance at the trial the Court may dismiss the case pursuant to CCP Section 581(b)(3).

<table>
<tr><td colspan="2">

# SUPERIOR COURT OF CALIFORNIA
# COUNTY OF LOS ANGELES

</td><td>

Reserved for Clerk's File Stamp

**FILED**
Superior Court of California
County of Los Angeles

10/19/2021

Sherri R. Carter, Executive Officer / Clerk of Court

By: _____ A. Robledo _____ Deputy

</td></tr>
<tr><td colspan="2">

COURTHOUSE ADDRESS:
Spring Street Courthouse
312 North Spring Street, Los Angeles, CA 90012

</td><td></td></tr>
<tr><td colspan="2">

PLAINTIFF/PETITIONER:
Ana Campos

</td><td></td></tr>
<tr><td colspan="2">

DEFENDANT/RESPONDENT:
Cosco Wholesale Corporation,

</td><td></td></tr>
<tr><td colspan="2">

### CERTIFICATE OF MAILING

</td><td>

CASE NUMBER:
20STCV15284

</td></tr>
</table>

**I, the below-named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Minute Order (Non-Jury Trial) of 10/19/2021 upon each party or counsel named below by placing the document for collection and mailing so as to cause it to be deposited in the United States mail at the courthouse in Los Angeles, California, one copy of the original filed/entered herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid, in accordance with standard court practices.**

ROBERT S. WEINSTEIN
ROBERT WEINSTEIN & ASSOC.
12401 WILSHIRE BLVD., STE. 200
LOS ANGELES, CA  90025

Sherri R. Carter, Executive Officer / Clerk of Court

Dated: 10/19/2021                    By: A. Robledo
                                          Deputy Clerk

**CERTIFICATE OF MAILING**

Electronically FILED by Superior Court of California, County of Los Angeles on 10/27/2021 03:25 PM Sherri R. Carter, Executive Officer/Clerk of Court, by C. Aquino,Deputy Clerk

```
 1   ROBERT S. WEINSTEIN, ESQ. (140412)
     ROBERT S. WEINSTEIN & ASSOC.
 2   12401 Wilshire Blvd., Ste. 200
     Los Angeles, CA 90025
 3   (310)277-7762

 4
     Attorneys for Plaintiff,
 5   ANA CAMPOS,

 6

 7            SUPERIOR COURT FOR THE STATE OF CALIFORNIA

 8              FOR THE COUNTY OF LOS ANGELES

 9

10   ANA CAMPOS,              ) CASE NO. 20STCV15284
                              )
11          Plaintiff,        ) EX PARTE APPLICATION
                              ) FOR ORDER VACATING COURT'S
12   v.                       ) ORDER OF DISMISSAL FOR
                              ) NON-APPEARANCE AT FINAL STATUS
13   COSCO WHOLESALE CORP.,   ) CONFERENCE; DECLARATION OF
     and DOES 1 to 100,       ) ROBERT S. WEINSTEIN;
14   Inclusive,              ) DECLARATION OF ANTONIA CALITO;
                              ) MEMORANDUM OF POINTS AND
15                            ) AUTHORITIES (CCP §473);
                              ) PROPOSED ORDER
16                            ) DATE: October 29, 2021
                              ) TIME: 8:30 P.M.
17          Defendants.       ) DEPT: "27"
     ─────────────────────────)
18
     TO THE COURT AND TO ALL PARTIES HEREIN:
19
          PLEASE TAKE NOTICE that on October 29, 2021 at 8:30 p.m. in
20
     DEPT. "27" in the Los Angeles Superior Court, Spring Street
21
     Courthouse, located at 312 N. Spring St, Room 255, Los Angeles, CA
22
     90012, Plaintiff will seek an Ex Parte Application for Order
23
     vacating this Court's order of Dismissal entered on October 5, 2021
24
     for non-appearance at the status conference.
25
        This opposition is based on the following:
26
     1.  Based upon plaintiff's good faith excusable neglect,
27
         Plaintiff's counsel was unaware of the October 5, 2021 Final
28
```

1    Status Conference date due to clerical error in calendaring
2    said date on counsel's calendar.
3 2. Upon learning of this dismissal, Plaintiff immediately prepared
4    the within application to bring this clerical error to the
5    court's attention and for Order vacating its Order of
6    Dismissal pursuant to CCP §473.

7    This application is further based on this notice, the
8 attached Declaration of Robert S. Weinstein and Antonia Calito,
9 Memorandum of Points and Authorities in support thereof, and the
10 records and papers on file and other oral and documentary evidence
11 presented at the time of hearing.

12 DATED: October 26, 2021    ROBERT S. WEINSTEIN & ASSOC.

15 BY: _____
16    ROBERT S. WEINSTEIN
      Attorneys for Plaintiff
      ANA CAMPOS

2

<u>DECLARATION OF ROBERT S. WEINSTEIN</u>

I, ROBERT S. WEINSTEIN, DECLARE AND STATE AS FOLLOWS;

1.    That I am an attorney at law admitted to practice before all the Courts in the State of California, the District Of Colombia, the Central District of the United States District Court, and the Commonwealth of Pennsylvania, and that I am a member of the Law Firm of ROBERT S. WEINSTEIN, attorney for Plaintiff. <u>I have volunteered as a Court Appointed Mediator and Arbitrator for the LASC ARD program for nearly 30 years, am familiar with the rules governing arbitration, and have received numerous awards and commendations during that time from the then presiding Judge Bendix.</u>   If called upon to testify I could and would testify to the following:

2.    This action arises out of defendant's negligence when an automotive battery fell off a shelf and struck Plaintiff, causing her serious injuries.

3.    Based upon Declarant's good faith excusable neglect, in accordance with CCP §473, and noting that this has never happened in over 30 years of practice, Declarant was unaware of the October 5, 2021 Final Status Conference date and Trial date due to clerical error in calendaring said date on declarant's master calendar and personal calendar.

4.    As of April of 2020, Declarant has relocated its office to a difference location and has experienced a shortage of staff and office assistance.   Declarant has retained a new office assistant who has inadvertently omitted these dates from the master calendar.  See Ms. Calito's Declaration.

3

5.    Upon learning of this dismissal, from the court order dated October 19, but received this date,  Plaintiff immediately prepared the within application to bring this clerical error to the court's attention and for Order vacating its Order of Dismissal due to Declarant's non-appearance and reset the FSC and trial dates in this matter on a date per the court's discretion.

6.    Finally, on October 27, 2021, at 3:15 p.m., notice of this ex parte application was left with Mr. Babataher's secrtary Brenda Leonardo.

I, declare under penalty of perjury that the foregoing is true and correct.

Executed on October 26, 2021 at Los Angeles, California.

_____
ROBERT S. WEINSTEIN

<u>DECLARATION OF ANTONIA CALITO</u>

I, ANTONIA CALITO, DECLARE AND STATE AS FOLLOWS:

1.     That I am an employee and secretary of Mr. Robert Weinstein, at the Law Offices of Robert S. Weinstein & Assoc., and have been hired on June 2020.  I have personal knowledge as to the facts herein.  If called upon to testify I could and would testify to the following:

2.     Declarant has been retained in June 2020.  Pursuant to the local County and State Covid mandates, I was not permitted to work in the office from June 2020 though November 2020, and even then Declarant only would show to retrieve paperwork and follow-up with calendaring matters.  Mr. Weinstein's previous secretary left his employee two weeks prior to my retention.  Since my retention, I have been sorting various administrative items which were left unattended by the prior secretary who left due to Covid symptoms.

3.     Declarant inadvertently failed to calendar the Court's notice of Final Status Conference and Trial hearings of October 5, and October 19, respectively.

4.     Since the date was not placed on the master calendar, the date was never placed into Mr. Weinstein's personal calendar. Therefore, Mr. Weinstein was unaware of the hearing date and did not attend same.

I, declare under penalty of perjury that the foregoing is true and correct.

Executed on October 26, 2021,  at Los Angeles, California.


_____
ANTONIA CALITO

1  <u>MEMORANDUM OF POINTS AND AUTHORITIES</u>

2  <u>I.</u>

3  <u>THE COURT HAS BROAD DISCRETION IN DETERMINING</u>

4  <u>WHETHER GOOD CAUSE EXISTS TO VACATE AN ORDER</u>

5  The Court has broad discretion in determining if good cause

6  exists.  <u>Eastwood v. Froehlich</u>, (1976) 60 Cal. App. 523, 131 Cal.

7  Rptr. 577; <u>People Ex Rel Department of Public Works v. Busick</u>,

8  (1968) 259 Cal. 2nd. 744, 66 Cal. Rptr. 532.

9  Declarant's non-appearance was <u>NOT</u> in bad faith as counsel's

10  secretary inadvertently failed to calendar the hearing date.

11  With good cause having been shown, it is respectfully

12  requested that this Court vacate its October 19, 2021 Order of

13  Dismissal due to Plaintiff's failure to appear.

14

15  <u>II.</u>

16  <u>PLAINTIFF IS ENTITLED TO RELIEF FROM DISMISSAL DUE TO GOOD</u>

17  <u>FAITH "MISTAKE, INADVERTENCE AND EXCUSABLE NEGLECT"</u>

18

19  The court is empowered to relieve a party "upon such terms as

   may be just...from a judgement, dismissal, order or other

20  proceeding taken against him or her through his or her mistake,

21  inadvertence, surprise or excusable neglect". <u>CCP</u> §473.

22

23  Where mistake, inadvertence or excusable neglect is shown,

   relief from dismissal is mandatory <u>Beeman B. Burling</u> (1990) 216

24  CA3d 1586, 1604; <u>Lorenz v. Commercial Accept. Ins. Co.</u> (1995)40

25  CA4th 981, 989.

26

27  Plaintiff's counsel was unaware based upon Declarant's good

28  faith excusable neglect in failing to attend the Final Status

1  Conference and trial due to clerical error in calendaring said date
2  on counsel's calendar.

3

4  DATED: October 26, 2021     ROBERT S. WEINSTEIN & ASSOC.

5

6

7                                          BY: _____
                                               ROBERT S. WEINSTEIN
8                                              Attorneys for Plaintiff
                                               ANA CAMPOS
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27
28

ROBERT S. WEINSTEIN, ESQ. (140412)
ROBERT S. WEINSTEIN & ASSOC.
12401 Wilshire Blvd., Ste. 200
Los Angeles,  CA 90025
(310)277-7762


Attorneys for Plaintiff,
ANA CAMPOS,


            SUPERIOR COURT FOR THE STATE OF CALIFORNIA

               FOR THE COUNTY OF LOS ANGELES


ANA CAMPOS,                   )  CASE NO. 20STCV15284
                              )
           Plaintiff,         )
                              )
v.                            )  PROPOSED ORDER
                              )
COSCO WHOLESALE CORP.,        )
and DOES 1 to 100,            )
Inclusive,                    )
                              )  DATE: October 29, 2021
                              )  TIME: 8:30 P.M.
           Defendants.        )  DEPT: "27"
_____)


     Application having been made by Plaintiff, with proof having

been made to the satisfaction of the Court, and good cause

appearing thereof:

IT IS ORDERED AS FOLLOWS:

Order of Dismissal of October 19, 2021 is vacated.

The Final Status Conference is reset for _____.

The Trail date is reset for _____.

Plaintiff to give notice.


DATE:_____           _____
                               JUDGE OF THE SUPERIOR COURT
                               _____
ORDER

<u>PROOF OF SERVICE</u>

I am a resident of and work in the County of Los Angeles; I am over the age of eighteen years and not a party to the within action; my business address is the Law Offices of ROBERT S. WEINSTEIN, 12401 Wilshire Blvd., Ste. 200, Los Angeles, California 90025. On October 27, 2021 I served the EX PARTE APPLICATION FOR ORDER OF DISMISSAL FOR NON-APPEARANCE AT FINAL STATUS CONFERENCE; DECLARATION OF ROBERT S. WEINSTEIN; DECLARATION OF ANTONIA CALITO; MEMORANDUM OF POINTS AND AUTHORITIES (CCP §473), PROPOSED ORDER on all parties in this action, by service addressed as follows:

Joshua Babataher, Esq.
801 S. Figueroa St., 15th Fl.
Los Angeles,  CA 90017
jkb@manningllp.com

___X___  (BY MAIL)  I personally placed such envelope with First Class or Priority Mail postage thereon fully prepaid in the United States Mail at Los Angeles, California by depositing said envelope in a United States Mail Collection Box at Los Angeles, California, addressed as indicated by the check (X), above.

___X___  (BY ELECTRONIC TRANSMISSION) I personally EMAILED the foregoing, jkb@manningllp.com, as indicated above, on this date.

I declare under penalty of perjury that the foregoing is true and correct. Executed on October 27, 2021 at Los Angeles, California.

_____

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
## Civil Division
Central District, Spring Street Courthouse, Department 27

**20STCV15284**                                                      October 29, 2021
**ANA CAMPOS vs COSCO WHOLESALE CORPORATION,**                            8:30 AM

Judge: Honorable William A. Crowfoot          CSR: None
Judicial Assistant: C. Padilla                ERM: None
Courtroom Assistant: None                     Deputy Sheriff: None

APPEARANCES:

For Plaintiff(s): Robert Weinstein for ROBERT S. WEINSTEIN (Telephonic)

For Defendant(s):  No Appearances

**NATURE OF PROCEEDINGS:** Hearing on Ex Parte Application FOR ORDER VACATING COURT'S ORDER OF DISMISSAL FOR NON-APPEARANCE (CCP473)

The matter is not called for hearing.

The Court reads the moving papers and makes the following ruling:

The Ex Parte Application EX PARTE APPLICATION FOR ORDER VACATING COURT'S ORDER OF DISMISSAL FOR NON-APPEARANCE (CCP473) filed by Ana Campos on 10/27/2021 is Granted.

Final Status Conference is scheduled for 04/13/2022 at 10:00 AM in Department 27 at Spring Street Courthouse.

Non-Jury Trial is scheduled for 04/27/2022 at 08:30 AM in Department 27 at Spring Street Courthouse.

Moving party is directed to give notice.

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
**Civil Division**
Central District, Spring Street Courthouse, Department 27

**20STCV15284**                                                       November 1, 2021
**ANA CAMPOS vs COSCO WHOLESALE CORPORATION,**                                 11:00 AM

Judge: Honorable William A. Crowfoot          CSR: None
Judicial Assistant: C. Padilla                ERM: None
Courtroom Assistant: None                     Deputy Sheriff: None

APPEARANCES:

For Plaintiff(s): No Appearances

For Defendant(s):  No Appearances

**NATURE OF PROCEEDINGS:** Nunc Pro Tunc Order

It appearing to the Court that through inadvertence and/or clerical error, the minute order of 10/29/2021 in the above-entitled action does not properly reflect the Court's order. Said minute order is ordered corrected nunc pro tunc as of 11/01/2021, as follows:

The Court orders the dismissal ordered on 10/19/2021 as to the entire action set aside and vacated.

# Exhibit B

 **CT Corporation**

**Service of Process Transmittal**
06/28/2021
CT Log Number 539813514

**TO:**    Laura Aznavoorian, Litigation Supervisor
Gallagher Bassett Services, Inc.
1901 S. Meyers Rd, Suite 200C
Oakbrook Terrace, IL 60181

**RE:**    **Process Served in California**

**FOR:**    Costco Wholesale Corporation  (Domestic State: WA)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | ANA CAMPOS, Pltf. vs. COSCO WHOLESALE CORPORATION, etc., et al., Dfts. |
| **DOCUMENT(S) SERVED:** | -- |
| **COURT/AGENCY:** | None Specified<br>Case # 20STCV15284 |
| **NATURE OF ACTION:** | Personal Injury - Failure to Maintain Premises in a Safe Condition |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, GLENDALE, CA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 06/28/2021 at 15:41 |
| **JURISDICTION SERVED :** | California |
| **APPEARANCE OR ANSWER DUE:** | None Specified |
| **ATTORNEY(S) / SENDER(S):** | None Specified |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 06/29/2021, Expected Purge Date: 07/14/2021<br><br>Image SOP<br><br>Email Notification,  Laura Aznavoorian  laura_aznavoorian@gbtpa.com<br><br>Email Notification,  Zois Johnston  zjohnston@costco.com<br><br>Email Notification,  Maureen Papier  maureen_papier@gbtpa.com |
| **REGISTERED AGENT ADDRESS:** | C T Corporation System<br>330 N BRAND BLVD<br>STE 700<br>GLENDALE, CA 91203<br>866-665-5799<br>SouthTeam2@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.



# PROCESS SERVER DELIVERY DETAILS

**Date:**                          Mon, Jun 28, 2021

**Server Name:**                   DROP SERVICE

| Entity Served | COSTCO WHOLESALE CORPORATION |
|---|---|
| Case Number | 20STCV15284 |
| Jurisdiction | CA |



# Exhibit C

Electronically FILED by Superior Court of California, County of Los Angeles on 08/12/2021 03:45 PM Sherri R. Carter, Executive Officer/Clerk of Court, by V. Delgadillo,Deputy Clerk

1   Eugene J. Egan (State Bar No. 130108)
      *eje@manningllp.com*
2   Joshua Babataher (State Bar No. 311367)
      *jkb@manningllp.com*
3   **MANNING & KASS**
    **ELLROD, RAMIREZ, TRESTER LLP**
4   801 S. Figueroa St, 15th Floor
    Los Angeles, California 90017-3012
5   Telephone: (213) 624-6900
    Facsimile: (213) 624-6999
6
    Attorneys for Defendant COSTCO
7   WHOLESALE CORPORATION (Erroneously
    sued as "COSTCO WHOLESALE
8   CORPORATION, dba COSTCO, a California
    Business Entity")
9

10              **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

11              **COUNTY OF LOS ANGELES, CENTRAL DISTRICT**

12

13   ANA CAMPOS,                           Case No. 20STCV15284
                                           [Assigned to the Hon. Laura A. Seigle,
14            Plaintiff,                    Dept. 27]

         v.                                **DEFENDANT COSTCO WHOLESALE**
15                                         **CORPORATION'S ANSWE TO**
     COSTCO WHOLESALE CORPORATION,         **PLAINTIFF'S COMPLAINT; DEMAND**
16   dba COSTCO, a California Business Entity,   **FOR JURY TRIAL**
     and DOES 1 Through 100, Inclusive,
17
              Defendant.                   Trial Date:      10/19/21
18                                         Complaint Filed:  4/21/20

19

20          Pursuant to Sections 431.10, *et seq.*, of the California Code of Civil Procedure, defendant

21   COSTCO WHOLESALE CORPORATION ("defendant"), answers the Complaint of plaintiff

22   ANA CAMPOS ("plaintiff") as follows.

23

24                              **GENERAL DENIAL**

25          1.      Defendant denies generally and specifically each and every allegation in the

26   Complaint, pursuant to Code of Civil Procedure  §431.30, and further denies that plaintiff was

27   injured, or that plaintiff sustained, or will sustain damages in the sums alleged in the Complaint, or

28   in any sum, or at all.

_____
            **DEFENDANT COSTCO WHOLESALE CORPORATION'S ANSWE TO PLAINTIFF'S COMPLAINT;**
                                    **DEMAND FOR JURY TRIAL**

## FIRST AFFIRMATIVE DEFENSE

2.      The Complaint and each and every purported cause of action therein fails to state facts sufficient to constitute a cause of action against this answering defendant. This affirmative defense is interposed to the Complaint in its entirety and separately as to each individual cause of action therein although not restated under separate headings as to each cause of action.

## SECOND AFFIRMATIVE DEFENSE

3.      This answering defendant is informed and believes and thereupon alleges that plaintiff failed to exercise reasonable and ordinary care, caution or prudence for his own safety, in order to avoid the alleged accident.  The resulting injuries and damages, if any, sustained by plaintiff were proximately caused and contributed to by the negligence of plaintiff himself.  This affirmative defense is interposed to the Complaint in its entirety and separately as to each individual cause of action therein although not restated under separate headings as to each cause of action.

## THIRD AFFIRMATIVE DEFENSE

4.      Defendant alleges that insofar as Defendant has delegated any duty to any subordinate, such delegation was at all times done in good faith, and with due care.  Plaintiff is therefore not liable for any act or omission of any subordinate.

## FOURTH AFFIRMATIVE DEFENSE

5.      Defendant alleges that plaintiff's recovery is reduced or diminished by plaintiff's failure to mitigate his damages.  This affirmative defense is interposed to the Complaint in its entirety and separately as to each individual cause of action therein although not restated under separate headings as to each cause of action.

## FIFTH AFFIRMATIVE DEFENSE

6.      Defendant alleges that Plaintiff has not been injured or damaged as a proximate result of any act or omission for which Defendant is responsible.

## SIXTH AFFIRMATIVE DEFENSE

7.      If plaintiff sustained any damage as alleged in the Complaint, that damage was proximately caused and contributed to by other parties to this action, whether served or not served,

MANNING&KASS
ELLROD, RAMIREZ, TRESTER LLP
Attorneys at Law

2

1  or by other persons or entities not parties to this action.  The proportionate degree of negligence or

2  fault of each of said other persons or entities must be determined and prorated and any judgment

3  that might be rendered against defendant herein must be reduced not only by that degree of

4  comparative negligence and fault found to exist as to plaintiff, but also as to the total of that

5  degree of negligence or fault found to exist as to said other persons or entities.  This affirmative

6  defense is interposed to the Complaint in its entirety and separately as to each individual cause of

7  action therein although not restated under separate headings as to each cause of action.

8  **SEVENTH AFFIRMATIVE DEFENSE**

9  8.   This answering defendant denies that a dangerous condition existed.  However, if it

10  is determined that a dangerous condition in fact did exist, such condition was open and obvious.

11  This affirmative defense is interposed to the Complaint in its entirety and separately as to each

12  individual cause of action therein although not restated under separate headings as to each cause of

13  action.

14  **EIGHT AFFIRMATIVE DEFENSE**

15  9.   This answering defendant denies that a dangerous condition existed.  However, if it

16  is determined that a dangerous condition in fact did exist, such condition was trivial.  This

17  affirmative defense is interposed to the Complaint in its entirety and separately as to each

18  individual cause of action therein although not restated under separate headings as to each cause of

19  action.

20  **NINTH AFFIRMATIVE DEFENSE**

21  10.   Defendant alleges that other persons, either known and/or unknown to this

22  answering defendant, are in whole or in part liable to plaintiff and/or proximately or legally caused

23  plaintiff's alleged injuries.  Pursuant to Civil Code Section 1431.2, plaintiff must look to these

24  other persons for recompense for plaintiff's alleged damages.  This affirmative defense is

25  interposed to the Complaint in its entirety and separately as to each individual cause of action

26  therein although not restated under separate headings as to each cause of action.

27  **TENTH AFFIRMATIVE DEFENSE**

28  11.   Defendant alleges that plaintiff engaged in conduct and activities with respect to the

MANNING&KASS
ELLROD, RAMIREZ, TRESTER LLP
Attorneys at Law

subject of this Complaint, by reason of said activities and conduct, plaintiff is estopped from asserting any claims for damages or seeking any other relief against this answering defendant. This affirmative defense is interposed to the Complaint in its entirety and separately as to each individual cause of action therein although not restated under separate headings as to each cause of action.

### ELEVENTH AFFIRMATIVE DEFENSE

12.     Defendant alleges that plaintiff engaged in conduct and activities sufficient to constitute a waiver of any alleged breach of duty, negligence, act, omission, or any other conduct, if any, as set forth in the Complaint.  This affirmative defense is interposed to the Complaint in its entirety and separately as to each individual cause of action therein although not restated under separate headings as to each cause of action.

### TWELFTH AFFIRMATIVE DEFENSE

13.     Defendant alleges that the injuries and damages of which plaintiff complains were proximately caused by or contributed to by the acts of other defendants, cross-defendants, persons and/or other entities, and that said acts were an intervening and superseding cause of the injuries and damages, if any, of which the plaintiff complains, thus barring plaintiff from any recovery against this answering defendant.  This affirmative defense is interposed to the Complaint in its entirety and separately as to each individual cause of action therein although not restated under separate headings as to each cause of action.

### THIRTEENTH AFFIRMATIVE DEFENSE

14.     That the Complaint was brought without reasonable cause and without a good faith belief that there was a justifiable controversy under the facts of the law which warranted the filing of the Complaint against this responding defendant.  Plaintiff should therefore be responsible for all defendant's necessary and reasonable defense costs, as more particularly set forth in California Code of Civil Procedure Section 1038.  This affirmative defense is interposed to the Complaint in its entirety and separately as to each individual cause of action therein although not restated under separate headings as to each cause of action.

Manning & Kass
Ellrod, Ramirez, Trester LLP
Attorneys at Law

1

**FOURTEENTH AFFIRMATIVE DEFENSE**

2    15.    Plaintiff's Complaint and each and every cause of action therein contained are

3  barred by any and all applicable statutes of limitations, including, but not limited to Code of Civil

4  Procedure Sections 335.1 and 342.  This affirmative defense is interposed to the Complaint in its

5  entirety and separately as to each individual cause of action therein although not restated under

6  separate headings as to each cause of action.

7

**FIFTEENTH  AFFIRMATIVE DEFENSE**

8    16.    Plaintiff's Complaint and each and every cause of action therein contained are

9  barred by the doctrine of laches.  This affirmative defense is interposed to the Complaint in its

10  entirety and separately as to each individual cause of action therein although not restated under

11  separate headings as to each cause of action.

12

**SIXTEENTH AFFIRMATIVE DEFENSE**

13    17.    This answering defendant denies that a dangerous condition existed.  However, if it

14  is determined that a dangerous condition in fact did exist, such condition did not exist for a

15  sufficiently reasonable amount of time as to give actual or constructive notice of the condition.

16  This affirmative defense is interposed to the Complaint in its entirety and separately as to each

17  individual cause of action therein although not restated under separate headings as to each cause of

18  action.

19

**SEVENTEENTH AFFIRMATIVE DEFENSE**

20    18.    This defendant presently has insufficient knowledge or information on which to

21  form a belief as to whether it may have additional, as yet unstated affirmative defenses available.

22  Defendant herein reserves the right to assert additional defenses in the event that the discovery

23  indicates that they would be appropriate.  This affirmative defense is interposed to the Complaint

24  in its entirety and separately as to each individual cause of action therein although not restated

25  under separate headings as to each cause of action.

26

27

28

Manning&Kass
Ellrod, Ramirez, Trester LLP
Attorneys at Law

**DEFENDANT COSTCO WHOLESALE CORPORATION'S ANSWE TO PLAINTIFF'S COMPLAINT;**
**DEMAND FOR JURY TRIAL**

1    WHEREFORE, defendant COSTCO WHOLESALE CORPORATION, prays as follows:

2          1.      For dismissal of the Complaint with prejudice;

3          2.      For judgment in favor of this answering defendant and against plaintiff;

4          3.      For costs of suit;

5          4.      For such further relief as the court may deem just and proper.

6

7    DATED:  August 12, 2021                **MANNING & KASS**
                                            **ELLROD, RAMIREZ, TRESTER LLP**
8

9

10                                          By:  _____
                                                 Joshua Babataher
11                                               Attorneys for Defendant COSTCO WHOLESALE
                                                 CORPORATION
12

**DEFENDANT COSTCO WHOLESALE CORPORATION'S ANSWE TO PLAINTIFF'S COMPLAINT;
DEMAND FOR JURY TRIAL**

1

## **<u>DEMAND FOR JURY TRIAL</u>**

2      Defendant hereby demands trial by jury.

3

4  DATED:  August 12, 2021          **MANNING & KASS**

5                              **ELLROD, RAMIREZ, TRESTER LLP**

6

7                        By:

8                            Joshua K. Babataher

9                            Attorneys for Defendant COSTCO WHOLESALE CORPORATION

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**DEFENDANT COSTCO WHOLESALE CORPORATION'S ANSWE TO PLAINTIFF'S COMPLAINT; DEMAND FOR JURY TRIAL**

MANNING & KASS
ELLROD, RAMIREZ, TRESTER LLP
Attorneys at Law

1

## PROOF OF SERVICE

2

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

3

At the time of service, I was over 18 years of age and not a party to this action.  I am
employed in the County of Los Angeles, State of California.  My business address is 801 S.

4

Figueroa St, 15th Floor, Los Angeles, CA 90017-3012.

5

On August 12, 2021, I served true copies of the following document(s) described as
**DEFENDANT COSTCO WHOLESALE CORPORATION'S ANSWE TO PLAINTIFF'S**

6

**COMPLAINT; DEMAND FOR JURY TRIAL** on the interested parties in this action as
follows:

7

Robert S. Weinstein, Esq.

8

Robert S. Weinstein & Assoc.
12401 Wilshire Bl., Ste. 200

9

Los Angeles, CA 90025
P: 310.277.7762

10

Email:  weinsteinlaw100@aol.com
**Attorney for Plaintiff**

11

**Ana Campos**

12

13

**BY MAIL:**  I enclosed the document(s) in a sealed envelope or package addressed to the
persons at the addresses listed in the Service List and placed the envelope for collection and
mailing, following our ordinary business practices.  I am readily familiar with the practice of

14

Manning & Kass, Ellrod, Ramirez, Trester LLP for collecting and processing correspondence for
mailing.  On the same day that correspondence is placed for collection and mailing, it is deposited

15

in the ordinary course of business with the United States Postal Service, in a sealed envelope with
postage fully prepaid.  I am a resident or employed in the county where the mailing occurred.  The

16

envelope was placed in the mail at Los Angeles, California.

17

**ONLY BY ELECTRONIC TRANSMISSION:**  Only by emailing the document(s) to the
persons at the e-mail address(es).  This is necessitated during the declared National Emergency

18

due to the Coronavirus (COVID-19) pandemic because this office will be working remotely, not
able to send physical mail as usual, and is therefore using only electronic mail.  No electronic

19

message or other indication that the transmission was unsuccessful was received within a
reasonable time after the transmission. We will provide a physical copy, upon request only, when

20

we return to the office at the conclusion of the National Emergency.

21

I declare under penalty of perjury under the laws of the State of California that the
foregoing is true and correct.

22

23

Executed on August 12, 2021, at Los Angeles, California.

24

25

/s/ Brenda Leonardo

Brenda Leonardo

26

27

28

8

**DEFENDANT COSTCO WHOLESALE CORPORATION'S ANSWE TO PLAINTIFF'S COMPLAINT;
DEMAND FOR JURY TRIAL**

# Exhibit D

LAW OFFICES OF

# ROBERT S. WEINSTEIN
# & ASSOCIATES

12401 Wilshire Blvd., Ste. 200
Los Angeles, California 90025

DESERT OFFICE
1039 PALM CANYON DRIVE
PALM SPRINGS, CA 92264

☐ Reply to this Location

-----------

(310) 277-7762 · (310) 431-7772
Fax (310) 785-3922
E-Mail: WEINSTEINLAW100@AOL.COM

January 24, 2022

James Harris, Esq.
Manning & Kass
801 S. Figueroa St., 15th Floor
Los Angeles,  CA 90017

US Mail & email-
jah@manningllp.com

```
     RE: OUR CLIENT   : Ana Campos
         YOUR CLIENT  : Costco
         DATE OF LOSS : 05/04/2018
         LASC CASE NO. : 20STCV15284
```

Mr. Harris;

It was a pleasure speaking with you earlier today. Please find
below a demand with medical specials for our client.  Per our
discussion, our effort to try and resolve this matter informally
would be in the best interest of all parties.

Per your perusal and information, please find copies of photos,
medical documentation, and supporting specials, with respect to our
client's injuries.

Ms. Campos was a previously healthy female without any prior
history of injury.

## DIAGNOSIS AND TREATMENT:

Per your perusal and information, please find copies of medical
documentation with respect to our client.

Upon progressive symptomatology caused by a car battery that fell
off a shelf and struck Ms. Campos, she was initially seen by
Dr. Michael Smith, an orthopedic surgeon who ordered a series of
MRI studies which resulted in positive findings as set forth below.

PAGE 2
January 24, 2022

RE: ANA CAMPOS

## LEFT KNEE:

1.  SIGNAL ALTERATION OF THE PATELLAR TENDON, CONSISTENT WITH
    TENDINOPATHY, SECONDARY TO TRAUMA,  (MRI-05/16/18,
    DR. SMITH, 09/06/18);

2.  SEVERE CHONDROMALACIA CHANGES OF THE PATELLOFEMORAL
    COMPARTMENT OF THE KNEE, SECONDARY TO TRAUMA,
    (MRI-05/16/18, DR. SMITH, 09/06/18);

3.  SPRAIN OF THE PROXIMAL FIBERS OF THE MEDIAL COLLATERAL
    LIGAMENT, SECONDARY TO TRAUMA,  (MRI-05/16/18, DR. SMITH,
    09/06/18);

4.  SUBACUTE, SYMPTOMATIC, POSTTRAUMATIC DERANGEMENT OF THE
    RIGHT AND LEFT KNEE, WITH CAPSULAR DAMAGE, TENDINOUS,
    MENISCUS, ARTICULAR SURFACE AND LIGAMENT DAMAGE,
    (DR. SMITH, 05/10/18);

## LUMBAR SPINE:

5.  3mm ANTEROLISTHESIS OF L4 ON L5, (ANTEROLISTHESES IS A
    DESTABILIZATION OF THE SPINE CAUSED BY TRAUMA),
    (MRI-05/16/18, DR. SMITH, 09/06/18);

6.  2mm BROAD BASED DISK HERNIATION AT L4-L5 CAUSING MILD
    BILATERAL RECESS STENOSIS, (MRI-05/16/18, DR. SMITH,
    09/06/18);

7.  2mm BROAD BASED DISK HERNIATION AT L3-L4 CAUSING MILD
    BILATERAL RECESS STENOSIS, (MRI-05/16/18, DR. SMITH,
    09/06/18);

8.  2mm BROAD BASED DISK HERNIATION AT L2-L3 CAUSING MILD
    BILATERAL RECESS STENOSIS, (MRI-05/16/18, DR. SMITH,
    09/06/18);

9.  SUBACUTE, SYMPTOMATIC, POSTTRAUMATIC DERANGEMENT OF THE
    LUMBAR SPINE, WITH LOWER LUMBAR MUSCULOTENDINO-LIGAMENTOUS
    INVOLVEMENT, RIGHT AND LEFT POSTERIOR JOINT DAMAGE AND
    SUGGESTIONS OF INTERVERTEBRAL DISK DEFORMITY,
    (DR. SMITH, 05/10/18);

PAGE 4
January 24, 2022

RE: ANA CAMPOS




## CONCLUSION:

Ms. Campos, a previously healthy female, will continue to suffer from permanent injuries to her knee and low back.   Valuation exceeds $1.25 Million if surgery is performed.   In light of the serious and permanent nature of the injuries suffered by our client as a result of your insured's negligence, we would be willing to accept $275,000 as full and complete settlement on behalf of your client. A demand for said sum is hereby being made. This offer to resolve this matter shall remain opened up until and inclusive of January 31, 2022, after which time this offer shall be irrevocably withdrawn.

Thank you again for your attention and cooperation in this matter.


            Sincerely yours;
            LAW OFFICES OF ROBERT S. WEINSTEIN



            BY: ROBERT S. WEINSTEIN
            RSW/ac
            ENCL:

PAGE 3
January 24, 2022

RE: ANA CAMPOS

## DISCUSSION:

According to Dr. Smith:

> "The patient's current back, right and left knees and left
> ankle and foot symptoms are the result of the 05/4/18
> accident". (Smith report 05/10/18 report, p. 6).

Dr. Smith continues in his 09/06/18 report, page 2, as follows:

> "The patient returns today, 9/6/18, and the MRI results were
> reviewed in detail. Based upon the patient's subjective
> complaints and objective findings on physical examination, as
> well as the results of the MRI,... It is within reasonable
> medical probability the patient will require lumbar epidural
> blocks/facet injections.. (Smith 09/06/18, report, p. 2).

Dr. Smith itemized the cost of a series of three epidural blocks as
follows:

> "Please note the following costs of epidural injections for
> each shot in a series of three:

```
Epidural block #1--------------------$ 1,200
Epidural block #2--------------------$ 1,200
Epidural block #3--------------------$ 1,200
Facility fee
(Procedure done under fluoroscopy----  4,000
Anesthesiologist fee-----------------   600
```

TOTAL COST FOR EACH BLOCK-$5,800 X 3=$17,400.


## SUMMARY OF SPECIALS:

```
1. Dr. Smith-------------------------------  2,000.00
2. Prohealth Advanced Imaging--------------  6,750.00
3. LUMBAR EPIDURAL BLOCKS/FACET INJECTIONS- 17,400.00

                    TOTAL SPECIALS-----------$26,150.00
```

SOUTHERN CALIFORNIA CENTER FOR OCCUPATIONAL ORTHOPAEDICS

INDEPENDENT MEDICAL EXAMINER                                    QUALIFIED MEDICAL EVALUATOR
                                                                                    #919925

## MICHAEL D. SMITH, M.D.
A MEDICAL CORPORATION
6221 Wilshire Boulevard, Suite 419
Los Angeles, California 90048
Telephone  323.932.1654       FAX  323.932.0460
DIPLOMATE, AMERICAN BOARD OF ORTHOPAEDIC SURGERY
FELLOW, AMERICAN ACADEMY OF ORTHOPAEDIC SURGEONS

Report Date:  September 6, 2018

Re:                        **Ana Campos**
Social Security No.:       **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**
Date of Evaluation:        **9/6/18**
Date of Injury:            **5/4/18**

### ORTHOPAEDIC CONSULTATION

Please refer to my initial report.

The patient was initially referred on 5/10/18 for injuries
sustained from a 5/4/18 accident. At that time, MRIs were ordered
of the lumbar spine, left knee and left ankle. I am now in
receipt of the MRI results. Please note the following results.

**MRI of the Lumbar Spine (5/16/18):**

1. **Loss of normal lumbar lordosis, which may be seen with spasm.**

2. **Transitional anatomy noted in the lumbosacral junction. For the sake of consistency, the last well-formed disc space will be assumed to be the L5-S1 level.**

3. **At L2-L3, there is 2 mm of diffuse broad-based disc bulging along with mild hypertrophic changes of the facet joints and mild ligamentum flavum redundancy, causing mild bilateral lateral recess narrowing. The neural foramina are patent.**

4. **At L3-L4, there is 2 mm of diffuse broad-based disc bulging along with hypertrophic changes of the facet joints and mild ligamentum flavum redundancy, causing mild bilateral lateral recess stenosis. The neural foramina are patent.**

Ana Campos   September 6, 2018

5.    There is 2-3 mm of anterolisthesis of L4 on L5. There
      is 2 mm of diffuse broad-based disc bulging along with
      hypertrophic changes of the facet joints and mild
      ligamentum flavum redundancy, causing mild bilateral
      lateral recess stenosis. The neural foramina are not
      narrowed.

6.    Foci of high T2 and low T1 weighted signal intensity
      noted in the right kidney, worrisome for
      hydronephrosis.

**MRI of the Left Knee (5/16/18):**

1.    Low-grade sprain of the medial collateral ligament.

2.    Patellar tendinopathy.

3.    Moderate to severe chondromalacic changes of the
      patellofemoral compartment of the knee.

**MRI of the Left Ankle (5/16/18):**

1.    No evidence of ligamentous or tendinous injury.

2.    No evidence of fracture, contusion, or stress reaction.

The patient returns today, 9/6/18, and the MRI results were
reviewed in detail.  Based on the patient's subjective complaints
and objective findings on physical examination, as well as the
results of the MRIs, the patient should have the availability of
future medical care in the form of medication for pain,
inflammation, and muscle relaxation, a back home exercise
program, and chiropractic and/or physical therapy. **It is within
reasonable medical probability the patient will require lumbar
epidural blocks/facet injections in the future.**

Please note the following costs of epidural blocks/facet
injections for each shot in a series of three:

| | |
|---|---|
| Epidural/facet block #1 | $800.00 to $1,200 |
| Epidural/facet block #2 | $800.00 to $1,200 |
| Epidural/facet block #3 | $800.00 to $1,200 |
| Facility fee | $2,000 to $4,000 |
| (procedure done under fluoroscopy) | |
| Anesthesiologist fee | $400.00 to $600.00 |
| Total costs for each block | $3,200 to $5,800 |

Page 2 of 3

Ana Campos   September 6, 2018

Please let me know if I can be of any further information or
assistance.

Sincerely,

MICHAEL D. SMITH, M.D.
Diplomate,
American Board of Orthopaedic Surgery

MDS:jl
cs.090618

cc:   Robert Weinstein
      Attorney at Law
      11150 Olympic Blvd., Ste. 1120
      Los Angeles, CA 90064

Notice is hereby given that pursuant to patient's authorization
and California Civil Code Section 2882.1, the undersigned claims
a lien for all medical services rendered to patient on any sums
that may be recovered by the patient by reason of the accident of
occurrence. I am requesting any and all medical records that are
relevant to the patient's injuries.

SOUTHERN CALIFORNIA CENTER FOR OCCUPATIONAL ORTHOPAEDICS

INDEPENDENT MEDICAL EXAMINER                                    QUALIFIED MEDICAL EVALUATOR
                                                                                    #919925

**MICHAEL D. SMITH, M.D.**
A MEDICAL CORPORATION
6221 Wilshire Boulevard, Suite 419
Los Angeles, California 90048
Telephone: 323.932.1654        FAX: 323.932.0460
DIPLOMATE, AMERICAN BOARD OF ORTHOPAEDIC SURGERY
FELLOW, AMERICAN ACADEMY OF ORTHOPAEDIC SURGEONS

Report Date:  May 10, 2018

Re:                        **Ana Campos**
Social Security No.:       **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**
Date of Evaluation:        **5/10/18**
Date of Injury:            **5/4/18**

**ORTHOPAEDIC CONSULTATION**

**CURRENT SYMPTOMS:  BACK**

There is pain in the lumbar and lumbosacral regions.  The pain
centers in the lumbar area.  The more frequent pain is an almost
continuous ache.  The less frequent pain is sharp. There is back
weakness, stiffness, and muscle spasms.

The patient has avoided strenuous lifting, carrying, pushing,
pulling, stooping and bending because of the back condition.
The symptoms are increased by pushing, pulling, lifting,
carrying, reaching above shoulder level, twisting, stooping,
bending, squatting, climbing stairs, prolonged positions, sudden
movement and by a cold environment. The back symptoms are also
increased by prolonged standing, walking or sitting.

The back symptoms are not changing.

**CURRENT SYMPTOMS:  RIGHT AND LEFT KNEE**

There is pain in the right and left knee.  The more frequent pain
is an almost continuous ache.  The less frequent pain is sharp.

There is leg weakness and stiffness.  The knees no longer bend as
easily as before the accident.

The patient has avoided strenuous lifting, carrying, pushing,
pulling, stooping, bending, squatting and kneeling because of the
knee symptoms.  The symptoms are increased by prolonged standing
or walking.  They are also increased by twisting, climbing
stairs, and by a cold environment.

The right and left knee symptoms are not changing.

Ana Campos  May 10, 2018

**CURRENT SYMPTOMS:   LEFT ANKLE AND FOOT**

There is pain in the left ankle and foot.  The more frequent pain is an almost continuous ache.  The less frequent pain is sharp.

The symptoms are increased with any prolonged standing or walking, walking on uneven surfaces or up and down stairs, and wearing certain shoes.

The left ankle and foot symptoms are not changing.

**ACTIVITIES OF DAILY LIVING**

Because of the symptoms, there is difficulty with personal hygiene and dressing as well as home care activities.

**PATIENT'S HISTORY OF CURRENT COMPLAINT**

On 5/4/18, the patient was at a Costco buying a car batter that was poorly placed when it fell onto her left foot. The patient sustained injuries to the back, right and left knees, and left foot. There was no loss of consciousness.

Police were not notified. The store employees brought her an ice bag.

The patient has since received treatment with arnica pomade and ibuprofen medication.

The patient had no other accidents or injuries to the areas of current concern.

**OTHER MEDICAL HISTORY**

The patient has a history of high blood pressure and high cholesterol.

The patient has had no surgeries.

The patient is currently taking no medications.

She is unaware of any allergies to medication.

**PHYSICAL EXAMINATION**

Normally developed and nourished female.

Ana Campos   May 10, 2018

**PHYSICAL EXAMINATION    (continued)**

CODE: N = normal or no increase in the symptoms if present before the examination

<u>BACK AND HIP PHYSICAL EXAMINATION:</u>

<u>STANDING POSITION OBSERVATION:</u>  normal position; no scars nor deformity

| TENDERNESS TO PALPATION: | left | midline | right |
|---|---|---|---|
| THORACIC SPINE | N | N | N |
| LUMBAR SPINE | (mild) | L1-L5 (mild) | (mild) |
| LUMBOSACRAL | ----- | (mild) | ----- |
| SACROCOCCYGEAL | ----- | N | ----- |
| SACROILIAC AREA | N | ----- | N |
| GREATER TROCHANTER | N | ----- | N |
| SCIATIC NOTCH | N | ----- | N |
| SACROTUBEROUS AREA | N | ----- | N |
| COCCYX | ----- | N | ----- |
| TENSOR FASCIA LATA | N | ----- | N |
| EXTERNAL OBLIQUE ABDOMINAL MUSCLE | N | ----- | N |
| ANTERIOR SUPERIOR ILIAC SPINE | N | ----- | N |
| ILIOLUMBAR LIGAMENT | N | ----- | N |

<u>BACK MUSCLE TONUS:</u>  there was normal tone of the thoracic, lumbar and buttock areas

| STANDING BACK MOTION: MOTION | | PAIN | MUSCLE TONE |
|---|---|---|---|
| FLEXION | 90 degrees | lower back (mild) | N |
| | fingers to floor (6 in.) | | |
| EXTENSION | 100% | lower back (mild) | N |
| RIGHT BENDING | 100% | N | N |
| LEFT BENDING | 100% | N | N |
| RIGHT ROTATION | 100% | N | N |
| LEFT ROTATION | 100% | N | N |

| AMBULATION: | PAIN | WEAKNESS | LIMP | PACE |
|---|---|---|---|---|
| TANDEM GAIT | N | N | N | N |
| TIPTOE GAIT | left ankle (moderate) | N | N | N |
| HEEL GAIT | left ankle (moderate) | N | N | N |
| SQUAT | right & left knees (mild) | N | --- | --- |
| right: 140 degrees    left: 140 degrees | | | | |

| SPECIAL TESTS: | RIGHT | LEFT |
|---|---|---|
| TRENDELENBURG (GLUTEUS MEDIUS WEAKNESS): | N | N |
| THOMAS (HIP FLEXION CONTRACTURE): | N | N |
| SITTING STRAIGHT LEG RAISE (PAIN): | | |
| * = with positive Cram flip test | N | N |

<u>CHANGING POSITIONS:</u>    there was no increased pain with changing positions

<u>SITTING:</u>  did not cause increased pain

Ana Campos   May 10, 2018

PHYSICAL EXAMINATION    (continued)

LOWER EXTREMITY WEAKNESS:  as percent loss of resistive strength

|  | hip flex | hip extend | hip abduct | hip adduct | hip external rotate | hip internal rotate | knee flex | knee extend |
|---|---|---|---|---|---|---|---|---|
| RIGHT | N | N | N | N | N | N | N | N |
| LEFT | N | N | N | N | N | N | N | N |

|  | ankle flex | ankle extend | foot evert | foot invert | lateral toes flex | lateral toes extend | hallux flex | hallux extend |
|---|---|---|---|---|---|---|---|---|
| RIGHT | N | N | N | N | N | N | N | N |
| LEFT | N | N | N | N | N | N | N | N |

NEUROLOGICAL EXAMINATION:

DEEP TENDON REFLEXES:  Graded 0 to 4 with 2 normal   R=required reinforcement
    PATELLAR:  right = (2)  left = (2)   ACHILLES:  right = (2)  left = (2)

SENSATION:  normal from the waist to the toes

RECLINING:  there was no increased pain in the supine or prone position

VASCULATURE:  there were normal pulses, capillary filling and venous system

KNEE EXAMINATION:

SKIN: normal color, texture, temperature and moisture, no scars

SOFT TISSUE:    supple tissues and normal muscle tone, normal patella motion

INSTABILITY TEST:  A = anterior   P = posterior   M = medial   L = lateral

|  |  | Right | | Left | |
|---|---|---|---|---|---|
|  |  | Pain | Instability | Pain | Instability |
| Valgus: | 30 degree flexion | N | N | N | N |
|  | No flexion | N | N | N | N |
| Varus: | 30 degree flexion | N | N | N | N |
|  | No flexion | N | N | N | N |
| Drawer | Anterior | N | N | N | N |
|  | Posterior | N | N | N | N |
| Lachman |  | N | N | N | N |
| Lateral Pivot Shift |  | N | N | N | N |

KNEE MOTION:

|  | Passive | | | Active | | |
|---|---|---|---|---|---|---|
|  | flexion | extension | total | flexion | extension | total |
| Right | 135 | 180 | 135 | 130 | 180 | 130 |
| Left | 135 | 180 | 135 | 130 | 180 | 130 |

TENDERNESS TO PALPATION:  indicated at joint line unless
               AT = at tibia   AF = at femur

| ANTERIOR JOINT | | | | |
|---|---|---|---|---|
| Medial Retro-patellar space | Lateral Retro-patellar space | Patellar Tendon | Tibial Tubercle | Quadriceps Insertion |
| Right | (mild) | N | N | N | N |
| Left | (mild) | N | N | N | N |

Page 4 of 7

Ana Campos   May 10, 2018

**PHYSICAL EXAMINATION   (continued)**

|  | Anterior Capsule | Collateral Ligament | MEDIAL JOINT Posterior Capsule | Pes Anserina | Semi-membranosus |
|------|------|------|------|------|------|
| Right | (mild) | N | (mild) | N | N |
| Left | (mild) | N | (mild) | N | N |

|  | Anterior Capsule | Collateral Ligaments Lateral | LATERAL JOINT Fibular | Posterior Capsule | Biceps Insertion | Iliotibial Band |
|------|------|------|------|------|------|------|
| Right | N | N | N | N | N | N |
| Left | N | N | N | N | N | N |

|  | Gastrocnemius Medial | Lateral | POSTERIOR JOINT General Popliteal Space | Oblique Ligament | Arcuate Complex |
|------|------|------|------|------|------|
| Right | N | N | N | N | N |
| Left | N | N | N | N | N |

**LOWER LEG AND FOOT EXAMINATION:**

GENERAL EXAMINATION

SKIN:

   DISCOLORATION: of the left ankle (moderate, ecchymotic)

NONWEIGHT BEARING

LOWER LEG:  non-tender, normal size and shape

| ANKLE: | TONE | TENDERNESS TO PALPATION | TENDERNESS TO STRETCH | STABILITY |
|------|------|------|------|------|
| LIGAMENTS AND JOINT LINE: Ant = anterior  Post = posterior ||||
| DELTOID | N | left (moderate) | N | N |
| ANTERIOR TALOFIBULAR | N | left (mild) | N | N |
| TALOCALCANEAL | N | N | N | N |
| POSTERIOR TALOCALCANEAL | N | N | N | N |
| ANTERIOR JOINT LINE | N | left (mild) | N | N |
| MUSCLES, TENDONS AND TENDON SHEATHS ||||
| PERONEAL | N | N | N | N |
| FLEXORS | N | left (moderate) | N | N |
| EXTENSORS | N | N | N | N |
| ACHILLES | N | N | N | N |

   NORMAL RIGHT AND LEFT AP STABILITY TEST (Cotton)

   SWELLING:  diffuse medial swelling of the left submalleolar area (mild)
             which was tender (moderate)

HINDFOOT:  non-tender, normal size and shape, plantigrade

MIDFOOT:  normal and non-tender with a good resting arch

FOREFOOT:  non-tender, no toe or toenail deformity

Ana Campos   May 10, 2018

**PHYSICAL EXAMINATION   (continued)**

MOTION:  (ankles in degrees, toes in percentage loss)

|  | Ankle | | Subtalar | | Hallux | | Toes | |
|---|---|---|---|---|---|---|---|---|
|  | flex | extend | invert | evert | flex | extend | flex | extend |
| Right | 50 | 10 | 35 | 20 | N | N | N | N |
| Left | 50 | 10 | 35 | 20 | N | N | N | N |

## DIAGNOSES

Subacute, symptomatic, posttraumatic injury of the lumbar spine, with lower lumbar musculotendino-ligamentous involvement, right and left posterior joint damage and suggestions of slight intervertebral disc deformity.

Subacute, symptomatic, posttraumatic internal derangement of the right and left knee, with capsular, tendinous, meniscus, articular surface and ligament damage.

Subacute, symptomatic, posttraumatic derangement of the left ankle and foot, with musculotendinous, ligamentous and capsular damage.

## PROGNOSIS

The patient's current back, right and left knee, and left ankle and foot symptoms are the result of the 5/4/18 accident.

The patient was referred for an orthopaedic consult with regard to the injuries to her back, right and left knees, and left ankle and foot.

Based on today's subjective complaints and objective findings on physical examination, the patient could certainly benefit from orthopaedic evaluation and treatment.

The lower back condition was evaluated and shows significant signs of intervertebral disc involvement and the patient should have the availability of an MRI of the lumbar spine as well as medication for pain, inflammation, and muscle relaxation and chiropractic and/or physical therapy. Depending on the results of the MRI study, the patient could probably benefit from: (1) myofascial injections and/or (2) trigger point injections.  If the patient continues symptomatic, then electrodiagnostic testing of the lower extremities should be considered and if the results reveal lumbar or lumbosacral radiculitis, the patient would probably benefit from epidural blocks.

Ana Campos   May 10, 2018

**PROGNOSIS     (continued)**

If the patient does not find significant relief even after all of
these nonsurgical methods, then surgery may have to be considered
depending on the patient's willingness to undergo the procedure
and further diagnostic testing.

MRIs of the right and left knees are recommended. Depending on
the results of the testing, treatment could include: Treatment is
likely to include corrective knee surgery followed by
rehabilitation with physiotherapy and home exercises.

Because of the left ankle-foot injury, diagnostic tests and more
invasive treatment may be needed after a few weeks of treatment
unless significant improvement is noted.  The tests may include:
(1) an arthrogram, (2) an MRI, (3) and/or ultrasound, (4) stress
x-rays under anesthesia and (5) electrodiagnostic testing.  The
treatment could include:  (1) an ankle support, (2) a custom
orthotic, (3) physiotherapy, (4) steroid and anesthetic joint
blocks and (5) surgery.

Please let me know if I can be of any further information or
assistance.

Sincerely,

**MICHAEL D. SMITH, M.D.**
Diplomate,
American Board of Orthopaedic Surgery

MDS:j1
cs.051018

cc:  Robert Weinstein
     Attorney at Law
     11150 Olympic Blvd., Ste. 1120
     Los Angeles, CA 90064

Notice is hereby given that pursuant to patient's authorization
and California Civil Code Section 2882.1, the undersigned claims
a lien for all medical services rendered to patient on any sums
that may be recovered by the patient by reason of the accident of
occurrence. I am requesting any and all medical records that are
relevant to the patient's injuries.

S.C. CENTER FOR OCCUPATIONAL
ORTHOPAEDICS
6221 WILSHIRE BLVD., STE. 419
LOS ANGELES, CA 90048
(323)932-1654

| Statement Date |
| --- |
| 10/8/2018 |

| Page |
| --- |
| 1 |

ROBERT WEINSTEIN, ESQ.

11150 OLYMPIC BL . STE. 1120

LOS ANGELES, CA 90064

Phone (310)277-7762

Fax     (310)785-3922

Email

| PATIENT NAME |
| --- |
| ANA CAMPOS |

Date Created 4/2/2007

| Date | Document | Description | Case Number | Amount |
| --- | --- | --- | --- | --- |
| | | | Previous Balance: | 0.00 |

Patient: ANA CAMPOS                    Chart #: CAMAN001
Case Description: OV07            Last Payment Received:            Amount:      0.00

| Date | Document | Description | Amount |
| --- | --- | --- | --- |
| 5/10/2018 | 1806110000 | INITIAL COMPLEX COMPREHENSIVE EXAM | 1,000.00 |
| 5/10/2018 | 1806110000 | ORTHOPAEDIC REPORT | 500.00 |
| 9/6/2018 | 1810080000 | ORTHOPAEDIC REPORT | 400.00 |
| 9/6/2018 | 1810080000 | REVIEW OF MRI REPORT/S | 100.00 |

| Past Due 30 Days | Past Due 60 Days | Past Due 90 Days | Balance Due |
| --- | --- | --- | --- |
| 500.00 | 0.00 | 1,500.00 | **2,000.00** |

PATIENT: ANA CAMPOS                    DOB: 10/13/1956
ACCESSION #: 2070659                   FACILITY: PRO BH-MR BH
EXAM DATE: 05/16/2018

REFERRED BY: MICHAEL SMITH MD



SMITH, MICHAEL MD
6221 WILSHIRE BLVD STE 419
LOS ANGELES, CA 90048


PATIENT NAME:  CAMPOS, ANA  MRN: 1019816
DOB: 10/13/1956 AGE: 61


EXAM DATE: 05/16/2018     ACCESSION: 2070659
MODALITY: MRI
EXAMINATION: MR LUMBAR W/O



IMPRESSION:


1.    Loss of normal lumbar lordosis, which may be seen with spasm.


2.  Transitional anatomy noted in the lumbosacral junction.  For the sake of
consistency, the last well-formed disk space will be assumed to be the L5-S1
level.


3.  At L2-L3, there is 2 mm of diffuse broad-based disk bulging along with mild
hypertrophic changes of the facet joints and mild ligamentum flavum redundancy,
causing mild bilateral lateral recess narrowing.  The neural foramina are
patent.


4.  At L3-L4, there is 2 mm of diffuse broad-based disk bulging along with
hypertrophic changes of the facet joints and mild ligamentum flavum redundancy,
causing mild bilateral lateral recess stenosis.  The neural foramina are
patent.


5.  There is 2-3 mm of anterolisthesis of L4 on L5.  There is 2 mm of diffuse
broad-based disk bulging along with hypertrophic changes of the facet joints
and mild ligamentum flavum redundancy, causing mild bilateral lateral recess
stenosis.  The neural foramina are not narrowed.


6.  Foci of high T2 and low T1 weighted signal intensity noted in the right
kidney, worrisome for hydronephrosis.  CT urography would be helpful to assess
further, if clinically warranted.

INDICATION FOR SCAN:


TECHNIQUE:

Using the GE Signa High Field 1.5 Tesla Open-Style MRI Scanner, the following
sequences were obtained:
1.  Sagittal T1
2.  Sagittal T2
3.  Axial T1
4.  Axial T2
5.  Angled axial T2
6.  Sagittal FS T2


FINDINGS:


There is loss of normal lumbar lordosis, which may be seen with spasm.  The
lumbar vertebral body heights are preserved.  There is transitional anatomy
noted at the lumbosacral junction.  The conus medullaris terminates in normal
position.  There are foci of low T1 and high T2 weighted signal intensity noted
in the right kidney, which have the appearance suggestive of hydronephrosis.
CT urography may be helpful to assess further, if clinically warranted.  The
visualized paralumbar soft tissues are otherwise unremarkable.


T12-L1:  There is no significant disk bulge or protrusion.  The canal and
neural foramina are patent.  The facet joints are not hypertrophied.


L1-L2:  There is no significant disk bulge or protrusion.  The canal and neural
foramina are patent.  The facet joints are not hypertrophied.


L2-L3:  There is 2 mm of diffuse broad-based disk bulging present.  The facet
joints are mildly hypertrophied.  There is mild ligamentum flavum redundancy
present.  There is mild bilateral lateral recess narrowing.  The neural
foramina are patent.


L3-L4:  There is disk desiccation present. There is 2 mm of diffuse broad-based
disk bulging present. The facet joints are hypertrophied.  There is mild
ligamentum flavum redundancy present.  There is mild bilateral lateral recess
stenosis.  The neural foramina are patent.


L4-L5:  There is disk desiccation and disk space height loss present.  There is
2-3 mm of anterolisthesis of L4 on L5.  There is 2 mm of diffuse broad-based
disk bulging present. The facet joints are hypertrophied.  There is mild
ligamentum flavum redundancy present.  There is mild bilateral lateral recess
stenosis.  The neural foramina are not narrowed.


L5-S1:  There is no significant disk bulge or protrusion.  The canal and neural
foramina are patent.  The facet joints are hypertrophied.

Thank you for referring this patient.


P. KASHFIAN, M.D.
Board Certified Radiologist
/kal

PATIENT: ANA CAMPOS                    DOB: 10/13/1956
ACCESSION #: 2068976                   FACILITY: PRO BH-MR BH
EXAM DATE: 05/16/2018

REFERRED BY: MICHAEL SMITH MD

SMITH, MICHAEL MD
6221 WILSHIRE BLVD STE 419
LOS ANGELES, CA 90048

PATIENT NAME: CAMPOS, ANA  MRN: 1019816
DOB: 10/13/1956 AGE: 61

EXAM DATE: 05/16/2018    ACCESSION: 2068976
MODALITY: MRI
EXAMINATION: MR KNEE LT W/O

IMPRESSION:

1.    Low-grade sprain of the medial collateral ligament.

2.    Patellar tendinopathy.

3.    Moderate to severe chondromalacic changes of the patellofemoral compartment
of the knee.

INDICATION FOR SCAN:

Sprain.

TECHNIQUE:

Using the GE High Field 1.5 Tesla HDXT MRI scanner, the following sequences
were obtained:
1.    Coronal T1
2.    Coronal PD FS
3.    Axial PD FS
4.    Sagittal PD
5.    Sagittal PD FS

FINDINGS:

There is no marrow signal alteration to suggest acute fracture or bone contusion. There is no significant joint effusion present.

The anterior and posterior cruciate ligaments are intact. There is a low-grade sprain of the proximal fibers of the medial collateral ligament. The lateral supporting structures, including the fibular collateral ligament, are intact. The quadriceps insertion is intact. There is signal alteration of the patellar tendon, consistent with tendinopathy.

There is unremarkable appearance to the anterior and posterior horns of the medial meniscus. There is a discoid lateral meniscus without definite evidence of a tear.

There are moderate to severe chondromalacic changes of the patellofemoral compartment of the knee. The articular cartilage is otherwise relatively well preserved.

There are no periarticular fluid collections present.

Thank you for referring this patient.

P. KASHFIAN, M.D.
Board Certified Radiologist
/kal

PATIENT: ANA CAMPOS                    DOB: 10/13/1956
ACCESSION #: 2068977                   FACILITY: PRO BH-MR BH
EXAM DATE: 05/16/2018

REFERRED BY: MICHAEL SMITH MD




SMITH, MICHAEL MD
6221 WILSHIRE BLVD STE 419
LOS ANGELES, CA 90048


PATIENT NAME: CAMPOS, ANA   MRN: 1019816
DOB: 10/13/1956 AGE: 61


EXAM DATE: 05/16/2018     ACCESSION: 2068977
MODALITY: MRI
EXAMINATION: MR KNEE RT W/O




IMPRESSION:


1.    Low-grade sprain of the medial collateral ligament.


2.    Chondromalacia patellae.


3.    Patellar tendinopathy.


4.    Discoid lateral meniscus without convincing evidence for a tear.


INDICATION FOR SCAN:


Sprain.


TECHNIQUE:


Using the GE High Field 1.5 Tesla HDXT MRI scanner, the following sequences
were obtained:
1.    Coronal T1
2.    Coronal PD FS
3.    Axial PD FS
4.    Sagittal PD
5.    Sagittal PD FS

FINDINGS:


There is no marrow signal alteration to suggest acute fracture or bone
contusion.  There is no significant joint effusion present.


The anterior and posterior cruciate ligaments are intact.  There is signal
alteration of the patellar tendon, consistent with tendinopathy.  The
quadriceps insertion is within normal limits.  There is a low-grade sprain of
the medial collateral ligament.  The lateral supporting structures, including
the fibular collateral ligament, are intact.


There is a discoid lateral meniscus without evidence of a tear.  There is
unremarkable appearance to the anterior and posterior horns of the medial
meniscus.


There are no periarticular fluid collections present.


There are moderate chondromalacic changes of the patella.  The articular
cartilage is otherwise relatively well preserved.


Thank you for referring this patient.



P. KASHFIAN, M.D.
Board Certified Radiologist
/kal

PATIENT: ANA CAMPOS                    DOB: 10/13/1956
ACCESSION #: 2070665                   FACILITY: PRO BH-MR BH
EXAM DATE: 05/16/2018

REFERRED BY: MICHAEL SMITH MD

SMITH, MICHAEL MD
6221 WILSHIRE BLVD STE 419
LOS ANGELES, CA 90048

PATIENT NAME: CAMPOS, ANA  MRN: 1019816
DOB: 10/13/1956 AGE: 61

EXAM DATE: 05/16/2018    ACCESSION: 2070665
MODALITY: MRI
EXAMINATION: MR ANKLE LT W/O

IMPRESSION:

1.    No evidence of ligamentous or tendinous injury.

2.   No evidence of fracture, contusion or stress reaction.

INDICATION FOR SCAN:

Sprain.

TECHNIQUE:

Using the GE High Field 1.5 Tesla HDXT MRI scanner, the following sequences
were obtained:
1.  Axial T1
2.  Axial PD FS
3.  Oblique axial T2 FS
4.  Sagittal T1
5.  Sagittal T2 FS
6.  Coronal PD FS

FINDINGS:

Page 1

There is no marrow signal alteration to suggest acute fracture or bone
contusion.  There is a small tibiotalar joint effusion present.  The talar dome
and tibial plafond demonstrate normal morphology and signal intensity.  There
is no evidence of osteochondral injury.  There is mild diffuse soft tissue
swelling and subcutaneous edema present.

The talofibular, calcaneofibular, deltoid and syndesmotic ligaments are intact.
There is no thickening of the plantar aponeurosis.

The visualized portions of the tibialis anterior, the extensor hallucis and
digitorum longus, the peroneus longus and brevis, the tibialis posterior, the
flexor hallucis and digitorum longus, and Achilles tendons are intact.  There
is an accessory cuboid ossicle with no associated marrow edema.

Thank you for referring this patient.

P. KASHFIAN, M.D.
Board Certified Radiologist
/kal

PAGE # 1



# HEALTH INSURANCE CLAIM FORM

APPROVED BY NATIONAL UNIFORM CLAIM COMMITTEE (NUCC) 02/12

ROBERT WEINSTEIN, ESQ
11150 W OLYMPIC BLVD
STE 1120
LOS ANGELES CA 90064

CARRIER

PICA     PICA

| 1. MEDICARE | MEDICAID | TRICARE | CHAMPVA | GROUP HEALTH PLAN | FECA BLK LUNG | OTHER | 1a. INSURED'S I.D. NUMBER (For Program in Item 1) |
|---|---|---|---|---|---|---|---|
| (Medicare#) | (Medicaid#) | (ID#/DoD#) | (Member ID#) | (ID#) | (ID#) | X (ID#) | 1019816 |

2. PATIENT'S NAME (Last Name, First Name, Middle Initial)
CAMPOS ANA

3. PATIENT'S BIRTH DATE
MM 10 DD 13 YY 1956   SEX M   F X

4. INSURED'S NAME (Last Name, First Name, Middle Initial)
SAME

5. PATIENT'S ADDRESS (No., Street)
3367 ANDRITA ST. APT #13

6. PATIENT RELATIONSHIP TO INSURED
Self X   Spouse   Child   Other

7. INSURED'S ADDRESS (No., Street)
SAME

CITY: LOS ANGELES   STATE: CA

8. RESERVED FOR NUCC USE

CITY   STATE

ZIP CODE: 90065   TELEPHONE (Include Area Code) ( 323 ) 271-2430

ZIP CODE   TELEPHONE (Include Area Code) ( )

9. OTHER INSURED'S NAME (Last Name, First Name, Middle Initial)

10. IS PATIENT'S CONDITION RELATED TO:

11. INSURED'S POLICY GROUP OR FECA NUMBER

a. OTHER INSURED'S POLICY OR GROUP NUMBER

a. EMPLOYMENT? (Current or Previous)
YES   NO X

a. INSURED'S DATE OF BIRTH
MM 10 DD 13 YY 1956   SEX M   F X

b. RESERVED FOR NUCC USE

b. AUTO ACCIDENT?
YES   NO X   PLACE (State)

b. OTHER CLAIM ID (Designated by NUCC)

c. RESERVED FOR NUCC USE

c. OTHER ACCIDENT?
YES   NO X

c. INSURANCE PLAN NAME OR PROGRAM NAME
ROBERT WEINSTEIN, ESQ

d. INSURANCE PLAN NAME OR PROGRAM NAME

10d. CLAIM CODES (Designated by NUCC)

d. IS THERE ANOTHER HEALTH BENEFIT PLAN?
YES   NO X   If yes, complete items 9, 9a, and 9d.

READ BACK OF FORM BEFORE COMPLETING & SIGNING THIS FORM.

12. PATIENT'S OR AUTHORIZED PERSON'S SIGNATURE I authorize the release of any medical or other information necessary to process this claim. I also request payment of government benefits either to myself or to the party who accepts assignment below.

SIGNED SIGNATURE ON FILE   DATE 05162018

13. INSURED'S OR AUTHORIZED PERSON'S SIGNATURE I authorize payment of medical benefits to the undersigned physician or supplier for services described below.

SIGNED SIGNATURE ON FILE

PATIENT AND INSURED INFORMATION

14. DATE OF CURRENT ILLNESS, INJURY, or PREGNANCY (LMP)
MM DD YY   QUAL

15. OTHER DATE
QUAL   MM DD YY

16. DATES PATIENT UNABLE TO WORK IN CURRENT OCCUPATION
FROM MM DD YY   TO MM DD YY

17. NAME OF REFERRING PROVIDER OR OTHER SOURCE
DN MICHAEL SMITH M.D.

17a.
17b. NPI 1609853886

18. HOSPITALIZATION DATES RELATED TO CURRENT SERVICES
FROM MM DD YY   TO MM DD YY

19. ADDITIONAL CLAIM INFORMATION (Designated by NUCC)

20. OUTSIDE LAB?
YES   NO X   $ CHARGES

21. DIAGNOSIS OR NATURE OF ILLNESS OR INJURY Relate A-L to service line below (24E)   ICD Ind 0

A. M51.26   B. M43.16   C. Q68.6   D. M22.41
E. S83.412A   F.   G.   H.
I.   J.   K.   L.

22. RESUBMISSION CODE   ORIGINAL REF. NO.

23. PRIOR AUTHORIZATION NUMBER

| 24. A. DATE(S) OF SERVICE From MM DD YY | To MM DD YY | B. PLACE OF SERVICE | C. EMG | D. PROCEDURES, SERVICES, OR SUPPLIES (Explain Unusual Circumstances) CPT/HCPCS | MODIFIER | E. DIAGNOSIS POINTER | F. $ CHARGES | G. DAYS OR UNITS | H. EPSDT Family Plan | I. ID QUAL | J. RENDERING PROVIDER ID. # |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | 05 16 2018 | 05 16 2018 | 11 | | 72148 | | AB | 2250.00 | 1 | | NPI | 1639114283 |
| 2 | 05 16 2018 | 05 16 2018 | 11 | | 73721 | RT | CD | 2250.00 | 1 | | NPI | 1639114283 |
| 3 | 05 16 2018 | 05 16 2018 | 11 | | 73721 | 76 LT | EC | 2250.00 | 1 | | NPI | 1639114283 |
| 4 | | | | | | | | | | | NPI | |
| 5 | | | | | | | | | | | NPI | |
| 6 | | | | | | | | | | | NPI | |

25. FEDERAL TAX I.D. NUMBER   SSN   EIN
201028039   X

26. PATIENT'S ACCOUNT NO.
117599pro

27. ACCEPT ASSIGNMENT? (For govt. claims, see back)
YES X   NO

28. TOTAL CHARGE
$ 6750.00

29. AMOUNT PAID
$

30. Rsvd for NUCC Use

31. SIGNATURE OF PHYSICIAN OR SUPPLIER INCLUDING DEGREES OR CREDENTIALS (I certify that the statements on the reverse apply to this bill and are made a part thereof.)
PAYAM KASHFIAN
SIGNED   DATE 05/22/2018

32. SERVICE FACILITY LOCATION INFORMATION
PROHEALTH ADVANCED IMAG (BEV HILLS)
145 SOUTH DOHENY DRIVE
BEVERLY HILLS CA 90211
a. 1003874702   b.

33. BILLING PROVIDER INFO & PH # ( 818 ) 336-5248
PROHEALTH ADV IMAG MEDICAL GRP
PO BOX 7328
ORANGE CA 92863-7328
a. 1003874702   b.

PHYSICIAN OR SUPPLIER INFORMATION

NUCC Instruction Manual available at www.nucc.org   PLEASE PRINT OR TYPE   APPROVED OMB-0938-1197 FORM 1500 (02-12)

# Exhibit E

**Dr. Shirley N. Weber**
**California Secretary of State**

 Business Search - Entity Detail

The California Business Search is updated daily and reflects work processed through Wednesday, November 3, 2021. Please refer to document **Processing Times** for the received dates of filings currently being processed. The data provided is not a complete or certified record of an entity. Not all images are available online.

## C1587907    COSTCO WHOLESALE CORPORATION

| | |
|---|---|
| **Registration Date:** | 06/05/1987 |
| **Jurisdiction:** | WASHINGTON |
| **Entity Type:** | FOREIGN STOCK |
| **Status:** | ACTIVE |
| **Agent for Service of Process:** | **C T CORPORATION SYSTEM (C0168406)** |
| | To find the most current California registered Corporate Agent for Service of Process address and authorized employee(s) information, click the link above and then select the most current 1505 Certificate. |
| **Entity Address:** | 999 LAKE DRIVE |
| | ISSAQUAH WA 98027 |
| **Entity Mailing Address:** | P.O. BOX 35005 |
| | SEATTLE WA 98124 |

🛒 **Certificate of Status**

A Statement of Information is due EVERY year beginning five months before and through the end of June.

| Document Type ⇅ | File Date ⇊ | PDF |
|---|---|---|
| PUBLICLY TRADED DISCLOSURE | 04/01/2021 | |
| SI-NO CHANGE | 03/31/2021 | |
| PUBLICLY TRADED DISCLOSURE | 01/24/2020 | |
| SI-COMPLETE | 06/27/2019 | |
| PUBLICLY TRADED DISCLOSURE | 12/28/2018 | |
| PUBLICLY TRADED DISCLOSURE | 01/22/2018 | |
| PUBLICLY TRADED DISCLOSURE | 01/13/2017 | |
| PUBLICLY TRADED DISCLOSURE | 01/11/2016 | |

| Document Type ↕ | File Date ↓↑ | PDF |
|---|---|---|
| PUBLICLY TRADED DISCLOSURE | 01/12/2015 | |
| PUBLICLY TRADED DISCLOSURE | 01/16/2014 | |
| PUBLICLY TRADED DISCLOSURE | 01/17/2013 | |
| PUBLICLY TRADED DISCLOSURE | 01/24/2012 | |
| PUBLICLY TRADED DISCLOSURE | 01/21/2011 | |
| PUBLICLY TRADED DISCLOSURE | 01/22/2009 | |
| PUBLICLY TRADED DISCLOSURE | 01/09/2008 | |
| PUBLICLY TRADED DISCLOSURE | 01/16/2007 | |
| PUBLICLY TRADED DISCLOSURE | 01/26/2006 | |
| PUBLICLY TRADED DISCLOSURE | 06/29/2004 | |
| PUBLICLY TRADED DISCLOSURE | 09/11/2003 | Image unavailable. Please request paper copy. |
| AMENDED REGISTRATION | 01/22/1988 | |
| REGISTRATION | 06/05/1987 | |

* Indicates the information is not contained in the California Secretary of State's database.

- If the status of the corporation is "Surrender," the agent for service of process is automatically revoked. Please refer to California Corporations Code **section 2114** for information relating to service upon corporations that have surrendered.
- For information on checking or reserving a name, refer to **Name Availability**.
- If the image is not available online, for information on ordering a copy refer to **Information Requests**.
- For information on ordering certificates, status reports, certified copies of documents and copies of documents not currently available in the Business Search or to request a more extensive search for records, refer to **Information Requests**.
- For help with searching an entity name, refer to **Search Tips**.
- For descriptions of the various fields and status types, refer to **Frequently Asked Questions**.

| Modify Search | New Search | Back to Search Results |

# BUSINESS INFORMATION

Business Name:
**COSTCO WHOLESALE CORPORATION**

UBI Number:
**601 024 674**

Business Type:
**WA PROFIT CORPORATION**

Business Status:
**ACTIVE**

Principal Office Street Address:
**999 LAKE DR, ISSAQUAH, WA, 98027-8990, UNITED STATES**

Principal Office Mailing Address:
**PO BOX 35005, SEATTLE, WA, 98124-3405, UNITED STATES**

Expiration Date:
**05/31/2022**

Jurisdiction:
**UNITED STATES, WASHINGTON**

Formation/ Registration Date:
**05/12/1987**

Period of Duration:
**PERPETUAL**

Inactive Date:

Nature of Business:
**RETAIL, WHOLESALE TRADE**

# REGISTERED AGENT INFORMATION

Registered Agent Name:
**JOHN SULLIVAN**

Street Address:
**999 LAKE DR, ISSAQUAH, WA, 98027-8990, UNITED STATES**

Mailing Address:
**999 LAKE DR, ISSAQUAH, WA, 98027-8990, UNITED STATES**

# GOVERNORS

| Title | Governors Type | Entity Name | First Name | Last Name |
|-------|----------------|-------------|------------|-----------|
| GOVERNOR | INDIVIDUAL | | MARGARET | MCCULLA |
| GOVERNOR | INDIVIDUAL | | GAIL | TSUBOI |
| GOVERNOR | INDIVIDUAL | | RICHARD | GALANTI |
| GOVERNOR | INDIVIDUAL | | JOHN | SULLIVAN |
| GOVERNOR | INDIVIDUAL | | PATRICK | CALLANS |
| GOVERNOR | INDIVIDUAL | | WALTER | JELINEK |

Case 2:22-cv-00546   Document 1   Filed 04/25/22   Page 84 of 85   Page ID #:84

| Title | Governors Type | Entity Name | First Name | Last Name |
|-------|----------------|-------------|------------|-----------|
| GOVERNOR | INDIVIDUAL | | JEFFREY | ELLIOTT |

1

## PROOF OF SERVICE

2

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

3      At the time of service, I was over 18 years of age and not a party to this
action.  I am employed in the County of Los Angeles, State of California.  My
4 business address is 801 S. Figueroa St, 15th Floor, Los Angeles, CA 90017-3012.

5      On January 25, 2022, I served true copies of the following document(s)
described as **NOTICE OF REMOVAL OF ACTION UNDER 29 U.S.C.**
6 **§1441(B)(1) (DIVERSITY); DECLARATION OF EUGENE J. EGAN** on the
interested parties in this action as follows:

7

Robert S. Weinstein, Esq.                          **Attorney for Plaintiff**
8 Robert S. Weinstein & Assoc.                    **Ana Campos**
9 12401 Wilshire Bl., Ste. 200
Los Angeles, CA 90025
10 P: 310.277.7762
11 Email:weinsteinlaw100@aol.com

12      **BY MAIL:**  I enclosed the document(s) in a sealed envelope or package
addressed to the persons at the addresses listed in the Service List and placed the
13 envelope for collection and mailing, following our ordinary business practices.  I am
readily familiar with the practice of Manning & Kass, Ellrod, Ramirez, Trester LLP
14 for collecting and processing correspondence for mailing.  On the same day that
correspondence is placed for collection and mailing, it is deposited in the ordinary
15 course of business with the United States Postal Service, in a sealed envelope with
postage fully prepaid.  I am a resident or employed in the county where the mailing
16 occurred.  The envelope was placed in the mail at Los Angeles, California.

17      **ONLY BY ELECTRONIC TRANSMISSION:**  Only by emailing the
document(s) to the persons at the e-mail address(es).  This is necessitated during the
18 declared National Emergency due to the Coronavirus (COVID-19) pandemic
because this office will be working remotely, not able to send physical mail as usual,
19 and is therefore using only electronic mail.  No electronic message or other
indication that the transmission was unsuccessful was received within a reasonable
20 time after the transmission. We will provide a physical copy, upon request only,
when we return to the office at the conclusion of the National Emergency.

21

22      I declare under penalty of perjury under the laws of the United States of
America that the foregoing is true and correct and that I am employed in the office
23 of a member of the bar of this Court at whose direction the service was made.

24      Executed on January 25, 2022, at Los Angeles, California.

25

26                                    /s/ Brenda Leonardo
                                    Brenda Leonardo

27

28

4863-5198-6187.1
1
NOTICE OF REMOVAL OF ACTION UNDER 29 U.S.C. §1441(b)(1) (DIVERSITY); DECLARATION OF
JAMES A. HARRIS